PHILLIP P. CROWLEY, Appellant, v. JOHNSON COUNTY et al., Appellees.

No. 46343.

DECEMBER 14, 1943.

D. C. Nolan, of Iowa City, for appellant.

Edward F. Rate and Wm. R. Hart, both of Iowa City, for appellees.

MANTZ, J.— When this action arose in 1942, plaintiff, Phillip P. Crowley, owned a certain 160-acre farm in Johnson County, Iowa, located about two miles south of Iowa City, Iowa. It was agricultural land, having no buildings thereon. In this farm there were four 40-acre tracts, all in one string running north and south. The tract is described as follows: East Half of

Southwest Quarter, Section 26, and East Half of Northwest Quarter, Section 35, Township 79, North, Range 6 West of the Fifth P. M. About a quarter of a mile west of plaintiff's land is a road running generally north and south and known as the Muscatine or Sand road. This road runs north to Iowa City. There are three roads from plaintiff's land connecting with this road. The one on the north end of the north forty turns north at the northeast corner of such forty and runs to Iowa City. At the south end of the south forty there is a private road running west, where it enters the Muscatine road a short distance west of the southwest corner of said forty.

The land immediately west of the south 80 acres was owned by D. J. Ahern. Just north of the Ahern land was a 40-acre tract owned by Ida Stackman. Beginning at the west line of plaintiff's land and running west one fourth of a mile, between the Ahern and Stackman land, was a 66-foot road. It entered the Muscatine road and ended there. This last-described road between the Ahern and Stackman land is involved in the controversy herein.

Some months prior to December 7, 1942, D. J. Ahern, owner of the land west of the south 80 acres of plaintiff, and Ida Stackman, owner of the 40-acre tract just north of the Ahern land, petitioned the Board of Supervisors of Johnson County, Iowa, to vacate the road running between the land of Ahern and Stackman. The road petitioned to be vacated was known as I. N. Jerome's road and was recorded in Book 4, page 279, of the Road Records of Johnson County, Iowa, and described therein as follows:

"Commencing at the southwest corner of the east one-half of the southwest quarter of Section 26, Township 79, North, Range 6 West of the 5th P. M. in East Lucas Township, Johnson County, Iowa, extending thence west along the south side of the southwest quarter of the southwest quarter of said Section 26 about one-fourth mile to the road known as the Territorial Road from Burlington, Iowa."

This road was laid out in 1856.

This petition was set down for hearing, notice was given plaintiff, and on August 24, 1942, plaintiff filed objections to

144

the petition for the vacation of said highway, alleging ownership of the land belonging to him, to which said road was connected; alleging that said road was a valuable asset or appurtenance to his 160-acre farm and was a necessary and convenient means of going to and from the center tracts of said farm when necessary to move heavy loads, heavy machinery, or drive livestock to and from said central sections; and further urged that if said road was vacated, the center 40-acre tracts and the south 40-acre tract would be without any public highway, and in the event of a division of the farm, either by sale or partition, the value of said tracts and the various subdivisions thereof would be greatly depreciated, especially in the event the objector decided to sell or divide same into smaller tracts. He further stated that if the farm was divided the described road was an absolute necessity to the center tracts thereof and that its vacation would decrease the value of said farm at least $5 per acre and of the center tracts at least $10 per acre or $800 for the entire farm. In conclusion, the objector states: "Wherefore claimant objects to the vacation of the road and in the event the Board of Supervisors decide to vacate the same irrespective of claimant's objections he claims damages to his entire farm in the amount of $800.00."

These objections were signed by Phillip P. Crowley.

On December 7, 1942, at a hearing before the Board of Supervisors, upon petition for vacation filed, all parties interested were present with counsel, evidence was taken, and thereupon the Board of Supervisors granted the petition for vacation of said road and in their order recited that they had heard the statements of counsel for all of the parties, that they had investigated the matter thoroughly, and that Phillip P. Crowley would suffer no damage by reason of the vacating of said road; also, that to require the continuance of said road at the possible expense of Johnson County, Iowa, of opening and maintaining the same, in view of the probable use thereof, and in view of the past use thereof, would be unreasonable and unwarranted, and that in the opinion of the Board of Supervisors the vacation of said road was desirable and proper and it was so ordered.

Thereafter, plaintiff brought the present action in equity

wherein he asks that the Board of Supervisors be temporarily and permanently enjoined from further proceedings to close or vacate the road in question, or in any manner interfering with plaintiff's full use and enjoyment thereof, and for other and further relief as may be just and equitable in the premises, including the assessment of damages against defendants in their representative and individual capacities for damages sustained by the plaintiff on account of wrongful and willful acts of the defendants.

Plaintiff attached to his petition a copy of the petition for vacation of the road in question and a copy of his objections thereto and recited that each was "made a part thereof."

In his petition, plaintiff described his land, the road in question, its establishment and use, his appearance before the board at the time of the hearing, alleging that he orally protested and objected to the closing of said road. Paragraph 6 of his petition reads as follows:

"That the aforesaid Board of Supervisors of Johnson County, Iowa, did arbitrarily and without just cause or reason order the vacation of said road, to the damage and injury of this plaintiff, as hereinafter set out."

The damage and injury set forth were substantially the same as he set forth in his objections.

Paragraph 9 of said petition is as follows:

"That if the aforesaid road is vacated and closed this plaintiff will suffer irreparable damage and injury and he has no adequate or speedy remedy at law."

Later, and on February 11, 1943, all of the defendants except D. J. Ahern and Ida Stackman made a motion to dismiss the petition, and set up in said motion five grounds therefor, which grounds are, in substance, as follows:

1. That the Board of Supervisors of Johnson County, Iowa, has complete discretion in the matter of vacating highways, under the provisions of chapter 237 of the Code, and plaintiff has no equitable grounds to interfere or invoke the jurisdiction of a court of equity to restrain the exercise of such discretion under statutory authority.

2. That plaintiff has an adequate remedy at law under the provisions of said chapter and his rights and remedies are limited therein by the terms thereof.

3. That the facts stated in the petition do not entitle plaintiff to the relief demanded for the reason that the board of supervisors has the right to vacate highways subject to the terms, limitations, and conditions imposed by chapter 237 and plaintiff's rights and remedies are fixed and specified by said provisions.

4. That there is another action pending between the same parties for the same cause and the court's attention is called to a transcript filed in the office of the clerk of this court by the auditor of Johnson County, Iowa, showing that Phillip P. Crowley has appealed from the action of the Board of Supervisors of Johnson County, Iowa, in connection with the vacation of the road described in plaintiff's petition, together with notice of appeal signed by plaintiff as provided in section 4599 of the Code, and that said appeal has been docketed and his cause is now pending in this court.

5. That plaintiff filed objections to the original application to vacate this road, appeared at the hearing, submitted to the jurisdiction of the board of supervisors, under chapter 237 of the Code of Iowa, and had elected his remedy.

On February 13, 1943, D. J. Ahern and Ida Stackman filed a motion to dismiss plaintiff's petition, and, in substance, alleged the same grounds as are set forth in the motion to dismiss filed by other defendants.

At the time the motions to dismiss were submitted it was agreed in open court by the attorneys for all parties that the court, in passing upon these motions, might take judicial notice of the pleadings and files in plaintiff's appeal from the action of the board denying damages as shown in cause No. 29541.

On May 5, 1943, the lower court filed a written ruling setting forth its conclusions and sustaining both motions, dismissing the petition of plaintiff, and taxing the costs accordingly. To this ruling the plaintiff excepted. Plaintiff refused to plead further, electing to stand upon his petition and same was ordered dismissed. Plaintiff appealed to this court.

The gist of the ruling of the lower court is to the effect that

it appears from the petition and from chapter 237 of the Code, under which the procedure was taken, that the Board of Supervisors of Johnson County, Iowa, had jurisdiction in the matter of vacating highways and that this exercise of the power called for discretion upon the part of the board of supervisors and that the same could not be interfered with by judicial process, and further that the petition shows that plaintiff had an adequate remedy, to wit, the right to claim damages. The lower court did not pass upon the proposition raised on election of remedies. We quote from the ruling of the lower court:

"In this case under the admitted facts of the pleadings the plaintiff appeared personally and with his attorney before the Board of Supervisors at the time the matter in controversy came up for determination; written and oral objections were then lodged by plaintiff against any action of the Board in this matter. Nothing appears in the written or oral objections of plaintiff made at that time and certainly nothing in the pleadings in this action appears wherein the plaintiff questioned the regularity of the proceedings of the Board or that they lacked jurisdiction to proceed. The plaintiff having submitted himself and his property, and the Board having jurisdiction of the subject matter at the time of hearing on the vacation of the road in question, and the Board having exercised its legal prerogative and in their judgment determined, based on testimony, that the public good required the vacation of the highway involved, in the opinion of the court the plaintiff's action herein must fail and his exclusive and adequate remedy under the facts in the case rests upon his rights of appeal in the matter of damages. * * * All damages, whether general or special, which plaintiff may have sustained by virtue of the action of the Board in vacating the highway may be adequately determined on the trial of the appeal from the action of the Board. The facts set out in the pleading and upon which plaintiff claims the Board acted arbitrarily and without just cause or reason do not sustain such a conclusion."

Various points or propositions have been advanced and argued by the parties. Generally speaking, these relate to the right or power of the court to restrain an action such as was

taken herein relating to the vacating of highways; the arbitrary and unreasonable action of the board in vacating the highway; the matter of special damages suffered by the appellant by reason of the board's action; the election of remedies arising by reason of the appeal of appellant from the action of the board of supervisors in ordering the vacation of the road; and the right of appellant to maintain this action in equity when he has a plain, speedy, and adequate remedy at law.

All of the propositions raised and argued have been considered. We do not deem it necessary to discuss all of them. We will confine ourselves to two which we think are decisive of the controversy.

Under the provisions of chapter 237 of the Code of Iowa, 1939, the board of supervisors of a county is given the right, power, and authority to supervise, lay out, and vacate secondary highways within their respective counties. It cannot be questioned that the legislature conferred upon such boards that power. Section 4560 of the Code is as follows:

"Jurisdiction. The board of supervisors has the general supervision of the secondary roads in the county, with power to establish, vacate, and change them as herein provided, and to see that the laws in relation to them are carried into effect."

Section 4585 of said chapter is as follows:

"Final action. When the time for final action arrives, the board may hear testimony, receive petitions for and remonstrances against the establishment, vacation, or alteration, as the case may be, of such road, and may establish, vacate, or alter, or refuse to do so, as in their judgment, founded on the testimony, the public good may require."

The appellant does not question the procedure followed by the board of supervisors. The basis of his claim is that such board acted "arbitrarily" and without just cause or reason ordered the vacation of said road. Appellant argues that the motion to dismiss filed by the appellees amounts to an admission that the board of supervisors acted arbitrarily and without reason. A motion to dismiss admits, for the purpose of the case only, facts which are well pleaded. We think to say that

the board of supervisors acted "arbitrarily" is, in effect, stating a conclusion. "Arbitrarily" in law means "unreasonably"; "arbitrary" means "that which is decided by the judge on his own judgment and not according to law; without reason." Ballentine's Law Dictionary. Yick Wo v. Hopkins, 118 U. S. 356, 6 S. Ct. 1064, 30 L. Ed. 220; 6 C. J. S. 144. In the case of Ostler v. Industrial Comm., 84 Utah 428, 36 P. 2d 95, it was held that the term "arbitrarily" is a conclusion. According to the New Standard Dictionary, "arbitrary" means "fixed or done capriciously or at pleasure; without adequate determining principle."

Appellant pleaded no facts which might form the basis of a showing of arbitrary action on the part of the board of supervisors in the vacating of the road in question. The pleadings show that an application was filed asking that the road be vacated; that notice was given to appellant of such application and a time was fixed for the hearing thereon; that at such time appellant and all interested parties were present with counsel; that the board of supervisors investigated the matter thoroughly and took full cognizance of the situation and all the factors entering therein, and following granted the application and ordered the road vacated, and in their order gave reason for so doing.

As a matter of fact, the pleadings show that the board of supervisors followed the provisions of the law in vacating the road in question. Nowhere does appellant challenge the procedure taken. His claim, in essence, is that the board did not agree with his contentions. Certainly, such action on the part of the board of supervisors was neither arbitrary, capricious, nor unreasonable but was based upon proper procedure with the ultimate fact to be determined calling for the exercise of discretion on the part of said board. McLachlan v. Incorporated Town, 105 Iowa 259, 74 N. W. 773; Chrisman v. Brandes, 137 Iowa 433, 112 N. W. 833, and cases there cited.

It is our holding that, under the record in this case, the court could not interfere with the discretion of the board of supervisors in vacating the highway in question. No abuse of discretion is shown and there are no facts pleaded which

show or tend to show an exercise of arbitrary or unreasonable actions on the part of the board.

■ Another matter which it seems to us is decisive herein is that the petition shows on its face that the appellant has a plain, speedy, and adequate remedy at law. When this fact appears it is not the province of equity to interfere. This is a fundamental fact of equity. It has its basis in the ancient maxim, "Equity follows the law." The rise of equitable jurisprudence was to afford relief in situations where the legal or common-law remedy was inadequate or did not exist. It is true that there are some situations where both the law and equity have concurrent rights and powers. However, it has been the well-nigh universal holding that one who has a plain, speedy, and adequate remedy at law cannot maintain an action in equity upon the same issues in the absence of a showing of some matter such as fraud or mistake. It was held in McLachlan v. Incorporated Town, supra, that courts of equity will not afford a party aid to protect his rights if he has a plain, speedy, and adequate remedy at law. In Biermann v. Guaranty Mut. L. Ins. Co., 142 Iowa 341, 343, 120 N. W. 963, 964, Weaver, Justice, speaking for the court said: "Generally speaking, equity has no jurisdiction where there is an adequate remedy at law." See, also, Dickinson v. Stevenson, 142 Iowa 567, 120 N. W. 324. Many other cases might be cited as authority for this proposition but we deem the above sufficient.

In the prayer of appellant's petition he asks for relief and such other and further relief as may be just and equitable in the premises, including damages. In his objections to the petition for the vacating of the road the appellant alleged that such action would damage his entire farm $800, and he concluded his objections as follows:

"Wherefore claimant *objects to the vacation of the road* and in the event the Board of Supervisors decide to vacate the same irrespective of claimant's objections he claims damages to his entire farm in the amount of $800.00."

As before stated, these objections, together with the finding of the board, were attached to appellant's petition and made a part thereof; thus they became a part of appellant's petition.

Here we have a pleading which shows upon its face that appellant has a plain, speedy, and adequate remedy at law, to wit, that for damages. We rather think that the appellant sensed the situation in this respect when he argued as follows:

"Plaintiff's protest before the Board of Supervisors was for the purpose of keeping them from closing the road. The prayer of his written protest, 'Wherefore, claimant *objects to the vacation of the road* and in the event the Board of Supervisors decide to vacate the same irrespective of claimant's objections he claims damages to his entire farm in the amount of $800.00,' with the claim of damages thrown in with the hope that that would keep the Board from closing the road."

It seems to us that the petition of appellant clearly shows on its face that he has a plain, speedy, and adequate remedy at law. As a matter of fact, he states therein that the vacating of this road will damage his farm from $5 to $10 per acre, or a total of $800. Having thus clearly set forth the damages which he will have in case the road is vacated he is not in a position to ask for equitable relief.

We hold that the lower court did not err in sustaining both motions to dismiss and such ruling is affirmed.—Affirmed.

MULRONEY, C. J., and WENNERSTRUM, BLISS, MILLER, HALE, SMITH, and OLIVER, JJ., concur.