BOARD OF DIRECTORS OF PLEASANT HILL INDEPENDENT SCHOOL DISTRICT et al., appellants, v. BOARD OF EDUCATION OF POLK, JASPER and MARION COUNTIES et al., appellees.

No. 50224.

(Reported in 109 N.W.2d 218)

May 2, 1961.

Rehearing Denied June 13, 1961.

Earl Gritton and Donald L. Beving, both of Des Moines, for appellants.

Leo S. Ballard, of Des Moines, for all appellees except Des Moines Independent School District.

Herrick & Langdon, of Des Moines, for appellee Des Moines Independent School District.

OLIVER, J.—This case involves the validity of proceedings under chapter 275, Code of Iowa, 1958, to reorganize as Southeast Polk Community School District, parts or all of nine existing school districts in southeastern Polk County, one in Jasper County and one in Polk, Marion and Jasper Counties. It is the third such case to come to this court involving territory much the same but not identical, and with Pleasant Hill Independent School District, Polk County, as the main objector to the formation of the district. In Grant v. Norris, 249 Iowa 236, 85 N.W.2d 261, proceedings to form Consolidated Independent School District of Southeastern in Polk and Jasper Counties were adjudged invalid in part. The vote in Pleasant Hill District had been 145 to 1 against the project.

The second case was Pleasant Hill Independent School District v. Norris, 250 Iowa 546, 94 N.W.2d 765. That decision, filed February 10, 1959, adjudged the second reorganization plan, which had received a large majority of the total vote, had been defeated by the vote in Pleasant Hill District, 5 votes for and 135 against the proposal.

February 25, 1959, proponents filed in the supreme and district courts and with the Polk County Superintendent of Schools, an abandonment and dismissal of the second reorganization proceeding. Immediately thereafter the proposed reorganization here in question was instituted by filing with the Polk County Superintendent of Schools a petition asking for the establishment of Southeast Polk Community School District. The petition was signed by 1686 of the 4036 electors in the proposed community district. It requested that the boundaries of all county plans and the joint county plan of school district reorganization which affected the territory in question be modified to coincide with the boundaries therein stated. The proposed community district would include some territory in addition to that in the two

previous plans but, unlike them, would take in only approximately the south one third of Pleasant Hill Independent School District of Polk County. This would be separated from the north part of Pleasant Hill District by an east-west line along a highway and a government lot line. The area of Pleasant Hill District has been approximately $3\frac{1}{2}$ sections. The excluded north part, in which are located the school, to the sixth grade, and the town of Pleasant Hill, would be rectangular in shape and approximately $2\frac{1}{3}$ sections in area. The south part of Pleasant Hill District which it is proposed to include in the consolidated district would extend south from the east-west line to the south border of Polk County which is fixed by the Des Moines River and is irregular in form. Pleasant Hill District children above the sixth grade now attend school in Des Moines Independent School District.

Five of the nine voters residing in the south part of Pleasant Hill District signed the petition for the proposed new district. The great majority of the electors of Pleasant Hill School District live in the northern part thereof which is not included in the proposed new district. However, an Iowa Light & Power Company plant with a taxable value of $12,000,000 and a Great Lakes pipe-line plant with substantial taxable value are located in the south part. This has resulted in reduction of the rate of school taxes in Pleasant Hill District to a fraction of the rate of those levied in other districts in that area.

At the public hearing required by Code sections 275.15 and 275.16 the joint boards of education of the three counties, acting as a single board, heard objections to the formation of the Southeast Polk District. The objections by Pleasant Hill School District and its Board of Directors were that the procedure did not comply with various requirements of chapter 275 of the Code and that the taking of the south part of the Pleasant Hill District, which contained most of its valuation, would leave an uneconomical district. The joint boards overruled these objections, approved the petition and plan for the reorganization of the proposed district, and, with certain changes not here material, fixed its boundaries as petitioned for, and changed the county plans accordingly. These actions were taken by the unan-

imous vote of the fourteen members of the three county boards who participated in the hearing.

Thereafter, Pleasant Hill Independent School District and its Board of Directors brought the controversy to the State Department of Public Instruction. See Code sections 275.16 and 275.8. The hearing there resulted in the approval of the order of the joint county boards. The decision states in part:

"The appellant foundations its case on the purported fact that the proposed reorganization is not consistent with the intent and policy of the Iowa law on reorganization; that 'it fails to prepare a county plan of reorganization in compliance with the policy of the state;' that the proposed district 'violates a declared policy of the State of Iowa set forth in section 275.1 in that it deprives a substantial portion of the Pleasant Hill Independent School District and electors thereof of the opportunity to vote the proposition;' that it is not based upon proper studies and surveys as required by Iowa Code section 275.1; that the appellee county boards have failed to consult with the officials of affected districts in the manner prescribed by the Iowa Code and specifically Chapter 275; that the proposed Southeast Polk Community School District is not in conformance with any alleged county plan; that it is tentative in nature; that the filing of statements and affidavits pertaining to joint county planning is defective; that the joint board had no jurisdiction for hearing the case because of defective affidavits attached to the petition; that the proponents wholly failed to introduce any competent evidence showing the number of electors residing in each of the affected districts, and other collateral factors purporting to negate the efficacy of the proposed district.

"* * *

"* * * The record here indicates that extensive planning was done by the Polk County Board of Education with adjacent counties; that an extensive research was carried on pertaining to said district; and that the appellants were given ample notice and opportunity to participate in planning but eventually refused to do so, and appellant's purported reasons for dismissal of the instant petition were dilatory rather than factual."

From that decision the Board of Pleasant Hill School Dis-

trict appealed to Polk District Court. Trial to the court resulted in judgment affirming the decision of the State Department of Public Instruction and the acts of the Joint Boards. This appeal followed.

I. In its appeal to district court plaintiff Board of Directors of Pleasant Hill District named Des Moines Independent Community School District as a defendant. The Des Moines District had not theretofore been a party to any of the reorganization proceedings. It entered its appearance and subsequently, in effect, joined with plaintiff Board of Pleasant Hill District, alleging the proposed reorganization was invalid and inequitable, was undertaken without consulting it and that eventually the remaining north part of Pleasant Hill District would be attached to it without the tax benefits from the industrial plants in the south part. Defendant Joint Boards moved to strike the pleadings of Des Moines District on the ground it was not a proper party to the appeal. The motion was ordered submitted with the case but apparently was overlooked by the trial court and was not ruled upon. When the Board of Pleasant Hill District appealed to this court it again named the Des Moines District as an opposing party.

The right of appeal is only that granted by statute. Code sections 275.8 and 275.16 provide that appeals to the courts from such decisions of the State Department of Public Instruction may be taken by an aggrieved party, which is defined as a county board of education, or the board of a school district, or directors of director districts, included in the proposed reorganized area. In the case at bar no part of Des Moines School District was included in the proposed reorganized area. Therefore Des Moines District was not an "aggrieved party" and had no right to participate in the appeals. Board of Directors of Linden Consolidated School District v. Board of Education in and for Dallas County, 251 Iowa 929, 937, 103 N.W.2d 696, 701. The cited case points out, "There is no difference under chapter 275 whether the aggrieved party appeals or responds to an appeal. The limitations in sections 275.8 and 275.16 are the same." See also State ex rel. Schilling v. Community School District of Jefferson, 252 Iowa 491, 106 N.W.2d 80.

■ II. Reference has been made to the petition for the formation of the proposed district which bore the signatures of 1686 of the 4036 electors. Code section 275.12 requires that such petition be signed by twenty per cent of the voters of each school district or the portion thereof included in the plan of the proposed district. Section 275.13 states the petition shall be accompanied by an affidavit showing the number of qualified electors in each affected district. In the case at bar appellant asserts some of the affidavits were made invalid by defects such as the failure to attach a jurat or the absence of a notarial seal. However, the defective affidavits were supplemented by the testimony of witnesses which, we hold, made the proof sufficient. State ex rel. Brown v. Community School District of St. Ansgar, 249 Iowa 1226, 91 N.W.2d 571.

III. Sections 275.1 to 275.5 inclusive, Code of Iowa, 1958, declare it to be the policy of the state to encourage the reorganization of school districts into necessary, economical and efficient units, and provide, in part, that each county board, for the purpose of promoting reorganizations, shall initiate detailed studies and surveys, in the course of which it shall consult with officials of affected school districts and other citizens, and may secure reorganization plans, suggestions and recommendations from the state department. Pending completion of final plans, tentative plans for reorganization shall be prepared and approved and filed with the state department. In these sections such words as union, merger, centralization, creation, formation, enlargement, consolidation and boundary changes are at times used as being synonymous with or supplementary to the term, reorganization.

Code section 275.9 provides:

"When any school district is enlarged, reorganized, or changes its boundaries pursuant to the plans hereinabove provided for, such enlargement, reorganization, or boundary change shall be accomplished by the method hereinafter provided.

"The provisions of sections 275.1 to 275.5, inclusive relating to studies, surveys, hearings, and adoption of county plans shall constitute a mandatory prerequisite to the effectuation of any proposal for district boundary change. It shall be

the mandatory duty of the county board or joint county boards to dismiss the petition if the above provisions are not complied with fully."

Appellant contends there was here such failure to comply with these provisions as to require the Joint County Boards and each appellate body thereafter to dismiss the petition to establish Southeast Polk Community School District. With that contention we do not agree.

The district court found, and the record supports such findings:

"That Ralph C. Norris was appointed Polk County Superintendent of Schools in 1945 and the Polk County Board of Education was organized in 1947. That said County Superintendent and his employees and said Board of Education have continuously planned since the above dates for the reorganization of school districts and portions thereof in the county into such units as are necessary, economical and efficient and to that end have conducted numerous meetings, held many conferences, and conducted surveys and studies relative to pupil population, pupil registration by grades, pupil attendance; location, condition and desirability of school facilities and equipment, the need for additional facilities and equipment and the costs thereof; the valuations of property subject to taxation in the respective districts and portions thereof; prepared plats, maps and plans, tentative and final, including joint plans with adjoining counties; have conducted studies and surveys of road conditions, transportation needs, and the costs thereof; have conducted studies of teacher personnel and curriculum together with recommendations pertaining thereto, and made plans and recommendations concerning the same; held regular meetings where these matters were discussed, and have met with officials of various districts and interested citizens at various times and places; revised and revamped plans for reorganization, and maintained a continuous planning program for the various school districts and portions thereof in Polk County, Iowa. That they have employed experts in the field of study to assist in the surveys, programs, plannings and recommendations. That the same have continued down to the time of trial of

this cause as it pertains to the districts in Polk County, Iowa, and portions thereof, including those involved in this current controversy."

The court adjudged the requirements of sections 275.1 to 275.5 inclusive, "relating to studies, surveys, hearings and adoption of county plans have been fully complied with by the county boards of education, the county superintendents involved herein, and by the State Board of Public Instruction."

However, appellant contends Code section 275.9, above quoted, required new studies, surveys, hearings etc. in connection with the proposed reorganization. Our decisions are contrary to this contention.

Archer v. Board of Education, 251 Iowa 1077, 1079, 1080, 104 N.W.2d 621, 623, states:

"* * * The claim is that additional studies and surveys were a prerequisite to the action taken here. Principal basis for the claim is this language of section 275.9: * * * [hereinbefore set out].

"It is clear from this that completion of a county plan pursuant to studies, surveys and hearings, as provided by sections 275.1 to 275.5, is a prerequisite to any proposal to change district boundaries. But other statutes make it equally clear that once a county plan is adopted additional studies and surveys are not a prerequisite to the fixing of boundaries of a proposed reorganized district which differ from the county plan. The studies, surveys and hearings which must precede adoption of the county plan are comprehensive and require much time. The Fremont County plan was under study and consideration from 1949 to 1956. If this process must be repeated each time a petition for reorganization is filed which does not correspond to the county plan, reorganization of districts would be unduly and unwisely delayed."

Peterson v. Board of Education in and for Hamilton County, 251 Iowa 1306, 1310, 104 N.W.2d 821, 823, states:

"The third error assigned is to the effect that under section 275.9, unless there has been a new study made, as required by section 275.4, in each instance where a change in a county plan is proposed, it is mandatory that the Board of Education dis-

miss the petition. It may be conceded that in the absence of initial hearings and the adoption of a county plan, a Board must dismiss any petition seeking the reorganization of a school district under this chapter of the Code. It does not however follow that once a county plan has been adopted, such plan may not be altered without a new study being necessary, as is required by section 275.4. We hold that section 275.4 does not apply to a change in an established county plan."

In Wilkinson v. County Board of Education etc., 251 Iowa 876, 880, 102 N.W.2d 924, 927, which involved the formation of a joint district, the court overruled a contention, "that once a tentative county plan has been established, such may not be changed without there being further studies, surveys and hearings." See also Hubka v. County Board of Education of Mitchell County, 251 Iowa 659, 102 N.W.2d 167.

Counsel for appellant do not question the foregoing decisions but argue at length that they are not factually in point. They say section 275.9 refers to three types of proceedings: (1) Enlargement, (2) Reorganization, and (3) Changes in the boundaries of a school district, and that the section singles out the third type and limits its requirement of strict compliance to cases where, as here, only part of a school district (Pleasant Hill) is to be taken into the reorganized district, leaving the remaining part in existence as a separate school district. This contention is not meritorious. The language stated by appellant, "(3) Changes in the boundaries of a school district", does not correctly reflect the language of Code section 275.9. The language of this statute is: "When any school district is enlarged, reorganized, or changes its boundaries * * * such enlargement, reorganization, or boundary change * * *." It refers to the boundaries of the enlarged or reorganized district, not to those of the part of a school district remaining after another part has been placed in a reorganized district. Archer v. Board of Education, supra, makes it clear the boundaries referred to in section 275.9 are those of the proposed reorganized district.

Moreover, appellants' contention that the language in section 275.9, Code of 1958, "enlargement, reorganization, or

boundary change", refers to three types of reorganization proceedings, is negatived by the recent legislative history of that statute. In the 1954 Code, section 275.9 stated: *"* * * such enlargement, reorganization, or boundary change shall be accomplished *by one of the methods* hereinafter provided." However, in 1957, section 275.9 was amended by substituting for the words, *by one of the methods* etc., the statement *"by the method* hereinafter provided." (Italics supplied.) The apparent reason for this amendment was the repeal, in the same Act, of section 275.10 which had provided another method of reorganization and the amendment of 275.11 to make it include reorganizations involving two or more districts. The amendments indicate the legislature interpreted the phrase in section 275.9, "enlargement, reorganization, or boundary change", as referring to only one method of procedure.

IV.  Code section 275.3 states, in part:

"No new school district shall be planned * * * nor shall any proposal for the creation or enlargement of any school district be approved * * * unless there reside within the proposed limits of such district at least three hundred persons of school age who were enrolled in public schools in the preceding school year."

Less than three hundred persons living in the Pleasant Hill School District had been so enrolled. Appellant contends the part of Pleasant Hill School District not included in the proposed Southeast Polk District would constitute a new school district, the planning of which would be forbidden by Code section 275.3. Section 275.3 should not be so interpreted. The terms there used, new school district, and the creation and enlargement of a school district refer to a reorganized district and not to the remaining part of an existing district from which part has been taken to form a portion of the new district.

V.  Code section 275.16 states, in case a controversy arising from the meeting of the joint boards is brought to the State Department of Public Instruction, "[it] shall have the authority to affirm the action of the joint boards, to vacate, to dismiss all proceedings or to make such modification of the action of the joint boards as in their [sic] judgment would

serve the best interest of all the counties. This decision may be appealed to a court of record * * *.

"*The court on appeal shall have the same authority as is granted in this section to the state department of public instruction.*" (Italics supplied.) The italicized provision was adopted in 1957. The district court held the formation of school districts was a legislative function and the authority that provision would grant the court was limited by Article III, section 1, of the Constitution of Iowa, which provides for the division of powers between the legislative, executive and judicial departments, and which states: "* * * no person charged with the exercise of powers properly belonging to one of these departments shall exercise any function appertaining to either of the others * * *."

█ Appellant contends the court should not have refused to exercise the authority expressly conferred upon it by the statute. It points out that the constitutional question was not raised. When this judgment was rendered by the district court, the supreme court had not passed upon the constitutionality of that provision, although we had, on various occasions, pointed to the limitations of the powers of the courts in such cases. However, in In re Proposed Durant Community School District, 252 Iowa 237, 246, 106 N.W.2d 670, 676, we held that, "insofar as the last sentence of section 275.16, quoted above, purports to confer upon courts the same authority the section confers on the state department it violates Article III, section 1, Iowa Constitution, and is therefore void." Our courts are required to follow that decision as long as it stands. · 16 C. J. S., Constitutional Law, section 96 at page 333, and sections 100, 101 and 164.

█ Moreover, it will be observed this statutory provision concerns only the power or authority of the court upon appeal and not rights, duties or liabilities of any of the parties. In such cases it is the duty of the court to determine its own power and authority upon its own motion. St. Joseph Manufacturing Co. v. Harrington, 53 Iowa 380, 5 N.W. 568; Groves v. Richmond, 53 Iowa 570, 571, 5 N.W. 763; Anway v. Grand Rapids

Ry. Co., 211 Mich. 592, 179 N.W. 350, 353, 12 A. L. R. 26; Samuels v. Couzens, 215 Mich. 328, 183 N.W. 925.

██ VI. Appellant contends the inclusion in the proposed community district of the south one third only of Pleasant Hill School District constituted gerrymandering and that upon appeal from the order of the state board of education the district court should have excluded all of Pleasant Hill District from the proposed reorganization or should have ordered the dismissal of the petition for the formation of the community district. Appellee takes issue with these contentions.

In harmony with its conclusion that the formation of school districts was a legislative function which could not be exercised by the judicial department, the trial court held it could not substitute its judgment for the judgment of the State Department of Public Instruction, affirming that of the Joint Boards, as to the wisdom or practicability of the plan for the proposed district but would consider only the judicial questions whether the State Department of Public Instruction and the Joint Boards had exceeded their jurisdiction and whether their orders were wholly arbitrary and unreasonable and without support in the record.

The court found these bodies had not exceeded their jurisdiction, that their orders were not wholly arbitrary and unreasonable nor without support in the record. We hold the record supports these findings.—Affirmed.

All JUSTICES concur.