Board of Education of Independent School District of Stanton, Montgomery County, et al., appellants, v. County Board of Education in and for Montgomery County, appellee.

No. 50929.

(Reported in 121 N.W.2d 137)

1286

APRIL 9, 1963.

Herman W. Walter, of Council Bluffs, for appellants.

John F. Boeye, Montgomery County Attorney, of Red Oak, for appellee.

Moore, J.—On March 30, 1961, there was filed in the office of Montgomery County Superintendent of Schools, pursuant to section 275.12, Code of 1958, a petition for the reorganization of certain districts in Montgomery and Page Counties into the Stanton Community School District. The proposal was signed by more than the number required by statute. The proposed district contained the Independent School District of Stanton and all or parts of four other school districts in Montgomery County. It also included seven or eight sections of the Douglas

Township School District of Page County. The areas included approximately 78 square miles in which 334 pupils were enrolled during the school year of 1960-61.

On April 28, 1961, after proper notice, a hearing was held before the joint boards of Montgomery and Page Counties acting as a single board. Each board was represented by five of its members. After presentation of evidence including many written and oral objections, the joint board by a vote of seven to three approved the proposal as modified by certain boundary changes. All five Page County members and two Montgomery County members voted in the affirmative. Three Montgomery County members (a majority) voted against the proposal. Appeal to the State Department of Public Instruction was taken by the Montgomery County Board. Following a hearing before the State Superintendent of Public Instruction and two assistants, the state department reversed the joint board's decision and dismissed the proposal. From this decision and order the proponents appealed to the district court of Montgomery County.

The evidence submitted to the trial court consisted entirely of written records and documents admitted by stipulations. From judgment sustaining the State Board's ruling plaintiffs here appealed.

I. Appellants' first three assignments of error are difficult to understand and indicate a misunderstanding of this court's function in considering this appeal. They are entirely ignored in appellee's brief and argument. Appellants assert (1) Montgomery County Board in its notice of appeal to the State Board erroneously claimed a change of the established county plan should have been incorporated in the proposal, (2) the allegation in said notice other school districts were available was a conclusion and not based on the facts and (3) the Montgomery County Board failed to comply with the statute for changing the established county plan. Apparently appellants are attempting to raise new issues for the first time. The trial court in his findings and conclusions stated: "The only question left for review is whether the order of the State Board of Education was arbitrary, capricious and unreasonable, and therefore an abuse of discretion."

■■ Section 275.16 provides that when a controversy from a meeting of county boards is brought to the state department they "shall have the authority to affirm the action of the joint boards, to vacate, to dismiss all proceedings or to make such modification of the action of the joint boards as in their judgment would serve the best interest of all the counties." The proceeding before the state department involves legislative functions. In re Community School District of Malvern, 250 Iowa 1240, 98 N.W.2d 737. Our attention is not called to any statute which requires written pleadings before the state department. It is not an appeal in the accepted sense. Strict rules of pleading and proof are not required or expected in hearings before that department. In re Durant Community School District, 252 Iowa 237, 247, 106 N.W.2d 670, 677. Assuming appellants' first two assigned errors are properly before the court, they attempt to require strict pleadings and are without merit. Appellants' third assignment questions the actions of the county board and was not an issue before the trial court as pointed out in the next division.

· II. Appellants' fourth assignment is that the State Board erred in not affirming the decision of the joint board. In other words they ask the court to approve the decision of the joint board and disapprove that of the State Board. A reading of the last paragraph of section 275.16 indicates the court has the right to consider and determine the organization and establishment of the boundaries of a school district. It states: "The court on appeal shall have the same authority as is granted in this section to the state department of public instruction."

■ In re Community School District of Malvern, 250 Iowa 1240, 98 N.W.2d 737, holds the organization and establishment of the boundaries of a school district are legislative functions, the exercise of which by the judicial department is forbidden by Article III, section 1, Iowa Constitution. In such a proceeding upon appeal the court may consider only judicial questions. It cannot substitute its judgment for that of designated school authorities as to the wisdom of the plan for proposed district. In re Durant Community School District, 252 Iowa 237, 243, 244, 106 N.W.2d 670, 675, and citations.

In Board of Directors v. Board of Education, 252 Iowa 1000, 1012, 109 N.W.2d 218, 225, it is said:

"In harmony with its conclusion that the formation of school districts was a legislative function which could not be exercised by the judicial department, the trial court held it could not substitute its judgment for the judgment of the State Department of Public Instruction, affirming that of the Joint Boards, as to the wisdom or practicability of the plan for the proposed district but would consider only the judicial questions whether the State Department of Public Instruction and the Joint Boards had exceeded their jurisdiction and whether their orders were wholly arbitrary and unreasonable and without support in the record."

 Appellants make no claim the State Department of Public Instruction exceeded its authority. A review of the evidence clearly shows ample evidence to support the state department's ruling that the proposal was not in the best interest of the two counties. The trial court held the facts presented failed to show any arbitrary, capricious or unreasonable action or ruling by the State Board and that there was no abuse of discretion. We agree.

After examining and considering all of the appellants' contentions we hold the trial court's ruling and judgment must be sustained.—Affirmed.

All JUSTICES concur.