BOARD OF EDUCATION in and for ESSEX INDEPENDENT SCHOOL
DISTRICT and ESSEX INDEPENDENT SCHOOL DISTRICT et al.,
appellants, v. BOARD OF EDUCATION in and for MONT-
GOMERY COUNTY et al., appellees.

No. 51035.

(Reported in 122 N.W.2d 849)

JULY 16, 1963.

REHEARING DENIED SEPTEMBER 17, 1963.

John S. Redd, of Sidney, for appellants.

John F. Boeye, County Attorney of Red Oak, for Board of Education in and for Montgomery County, and Richard G. Davidson, County Attorney of Clarinda, for Board of Education in and for Page County, for appellees.

MOORE, J.—For the second time we consider rulings of the State Department of Public Instruction on the petition for reorganization of certain districts in Page and Montgomery Counties into the Coburg-Essex Community School District. Our first opinion (Board of Education v. Board of Education, 251 Iowa 1085, 104 N.W.2d 590) reversed the trial court's approval of the state department's order vacating the decision of the joint boards of Page and Montgomery Counties. We held the state department had not given proper notice of hearing to all interested school districts, remanded the case and ordered it sent back to the state board for proper action.

Thereafter on proper notice a hearing on the controversy presented was held. The state board vacated the decision and order of the joint boards approving the petition for reorganization.

From this ruling the board of the Essex Independent School District and the board of the Coburg Consolidated School District appealed to the district court of Page County.

The trial court sustained the action of the state board. Plaintiffs have appealed.

May 12, 1958, there was filed with the Page County school superintendent, pursuant to section 275.12 (all references are to Code of 1958), a petition for the reorganization of 21 existing districts in Page and Montgomery Counties into the Coburg-

Essex Community School District. The proposed area consisted of approximately 33 sections of land in Montgomery County and 87 in Page with an estimated value of $6,600,000 and included 550 pupils. The boundaries proposed did not conform to the established Montgomery County school plans nor those of Page County. The petition requested changes of each. This was the second proposal for the establishment of the Coburg-Essex Community School District. The first, consisting of a slightly larger area, was filed January 20, 1958. After hearing many objections the joint boards dismissed that proposal. On appeal the state board affirmed that dismissal.

June 21, 1958, the second proposal was heard by the boards of Page and Montgomery Counties. After listening to the reading of the petition, many written objections, and oral statements for and against the proposal, the joint boards made some changes in the proposed plan and then by a vote of 7 to 3 approved it. In doing so they changed the established plans of each county. They also disregarded the four-county tentative boundary plan of Adams, Montgomery, Taylor and Page Counties which had been approved at a meeting of the four school boards March 11, 1958. All five of the Page County and two Montgomery County board members voted for the proposal. Three (a majority) of the Montgomery County board voted against it.

Montgomery County board and four of the affected districts appealed this decision to the state department. Red Oak, Shenandoah and Clarinda boards also attempted to appeal but were eliminated on motion as not aggrieved parties under section 275.8.

The state board's order now before us in part states:

"The grounds of appeal set forth by the Montgomery County Board of Education contend such a proposed district does not meet the policy of the state or standards adopted by it to achieve sound reorganization of the school districts of the county. The Montgomery County Plan is violated and the welfare of adjoining districts is materially affected.

"Determination of what constitutes the 'best interest of the counties' must of necessity give consideration to the welfare of adjoining districts, the children, residents of the districts af-

fected by the proposed change in county plans and the welfare of all districts in the county and surrounding counties.

"The record gives evidence as to the potential of the proposed district to serve the educational needs of the area included in the proposed district. It also gives evidence as to how these needs can be met in accordance with the county plan.

"The boundary lines as fixed for the proposed community school district changed the county plans of both county boards. The plan of the Montgomery County Board of Education was substantially changed by the action of the joint boards when the boundary lines were fixed. Such a change not only affects the educational opportunities of the children resident of some six school districts in Montgomery County included in the proposed reorganization but also children in adjoining districts. School districts should be planned not only to meet the immediate needs but with careful attention for the needs of the future so as to insure insofar as possible school districts that will be economical, efficient and provide equal educational opportunities for all children. * * *

"It is our opinion that the best interest of all the counties would be served by vacating the decision of the Joint Board of Page and Montgomery Counties.

"It is hereby ordered that the decision be vacated and that all proceedings in relation to the proposed Coburg-Essex Community School District be dismissed."

We believe Board of Education v. County Board of Education, 254 Iowa 1285, 121 N.W.2d 137, decides the issues here presented.

Section 275.16 provides that where a controversy arises from a meeting of the joint boards any aggrieved school board or district may bring the controversy to the state department of public instruction and it "shall have the authority to affirm the action of the joint boards, to vacate, to dismiss all proceedings or to make such modifications of the action of the joint boards as in their judgment would serve the best interest of all the counties. * * *

"The court on appeal shall have the same authority as is granted in this section to the state department of public instruction."

■ ■ I. Although the last paragraph of section 275.16 perhaps indicates otherwise, we agree with the trial court's holding the law is well established that the formation of a school district is a legislative function which cannot be exercised by the court. Its judgment cannot be substituted for that of designated school authorities as to the wisdom of the proposed plan. The court may consider only the judicial questions whether the state department and the joint boards exceeded their jurisdiction and whether their orders were wholly arbitrary, unreasonable and without support in the record. In re Durant Community School Dist., 252 Iowa 237, 243, 244, 106 N.W.2d 670, 675; Board of Directors of Pleasant Hill Independent School Dist. v. Board of Education, 252 Iowa 1000, 1012, 109 N.W.2d 218, 225; Board of Education v. County Board of Education, supra (pages 1288, 1289 of 254 Iowa, page 139 of 121 N.W.2d).

II. Appellants argue the state board acted outside of and exceeded the proper scope of its authority. Section 275.1 states:

"It is hereby declared to be the policy of the state to encourage the reorganization of school districts into such units as are necessary, economical and efficient and which will insure an equal opportunity to all children of the state. * * *."

■ Appellants contend the question of whether the reorganization plan is within that declared policy is wholly within the province of the joint boards and not subject to review by the state board. They cite no authority. We hold the question is interwoven with and part of the controversy appealed to the state board.

■ III. The trial court held section 275.16 specifically grants to the state department the power to review controversies arising under the action of the joint boards. We agree. In Hubka v. County Board of Education, 251 Iowa 659, 664, 102 N.W.2d 167, 170, we held erroneous action by joint boards could be corrected on appeal to the state board under the provisions of section 275.16. In re Durant Community Sch. Dist., 252 Iowa 237, 247, 106 N.W.2d 670, 677, holds broad authority is conferred on the state department by section 275.16. We approved consideration by the state department of problems of transportation, taxable values, location of shopping centers, school at-

tendance by the children within the proposed area, shape of the proposed area and effect on neighboring districts. We said: "The proceeding before the state department was not an appeal in the accepted sense. It was an attempt to solve the controversy brought there by the two objecting rural districts."

Springville Community Sch. Dist. v. Iowa Dept. of Public Instruction, 252 Iowa 907, 914, 109 N.W.2d 213, 217, states: "We hold section 275.16, Code of Iowa, 1958, alone confers jurisdiction upon the State Department of Public Instruction to decide a controversy arising from a meeting of joint boards to consider a petition proposing a school corporation."

Board of Education v. Board of Education, 251 Iowa 1085, 1092, 104 N.W.2d 590, 594 (our first opinion), in reference to section 275.16, states: "The legislature conferred large powers upon the state department and we cannot repeal that legislation." We then ordered this same controversy sent back to the state board. See also Board of Directors v. Board of Education, 252 Iowa 1000, 109 N.W.2d 218; Board of Education v. County Board of Education, 254 Iowa 1285, 121 N.W.2d 137.

IV. Appellants also claim the state department's action was arbitrary and unreasonable. Membership of the boards remained unchanged from when the first proposal was rejected and the second approved. County plans were changed without a majority of the Montgomery County board. The tentative four-county plan was directly affected. The controversy submitted required a decision as to the wisdom and practicability of the plan. The evidence amply supports the state department's ruling.

We hold the trial court's ruling and judgment must be—Affirmed.

All Justices concur.