In re Reorganization of Lone Tree Community School District of Johnson and Louisa Counties.

Board of Directors, appellee, v. County Board of Education of Johnson County et al., appellants.

No. 52492.

(Reported in 150 N.W.2d 637)

MAY 2, 1967.

A. Wayne Eckhardt, of Muscatine, and Robert F. Barclay, of West Liberty, for appellants.

Robert Osmundson, of Iowa City, and Russell R. Newell, of Columbus Junction, for appellee.

RAWLINGS, J.—This is another controversy involving the reorganization of school districts.

A petition was filed for the formation of a new Lone Tree Community School District by merger of several of those then existing or portions thereof.

Involved in the newly proposed district are the Township School District of Fremont Township in Johnson County; the Lone Tree Community School District in Johnson and Louisa Counties; the Township School District of Pleasant Valley Township in Johnson County; and a portion of the Nichols Independent School District in Muscatine County.

After hearing held pursuant to notice given the interested county boards of education, convened as a joint county board, approved the proposal and established boundary lines.

On appeal to the State Department of Public Instruction hearing was again held.

Subsequent thereto the state department caused a so-called house-to-house survey to be conducted in the Nichols District.

Basing its decision in large part upon this post hearing study, the state department modified the boundaries of the new district as established by the joint board.

In so doing a portion of the Town of Nichols was included in the new district, a substantial part being left in the existing Nichols District.

Appeal was then taken to the Johnson County District Court.

The matter was there submitted for the most part on stipulated facts. The trial court held, (1) the state department acted improperly in conducting the post hearing survey and using the results obtained as a basis for its decision, and (2) in reforming the boundary lines so as to divide the Town of Nichols the department acted arbitrarily, unreasonably and capriciously.

The trial court then proceeded to nullify the decision of the state department, specifically affirming and reinstating the decision of the joint board.

We affirm in part and reverse in part.

I. Standing in equity this matter is reviewable by us de novo. Appeal of Board of Directors v. County Board of Education, 257 Iowa 106, 131 N.W.2d 802, 806.

II. The first issue to be resolved is whether the state department had lawful authority to conduct and base its decision in part upon a post hearing study.

When a dispute involving the action of a joint county board is brought before the State Department of Public Instruction it is not an appeal in the accepted sense. Strict rules of pleading and practice are not required. Board of Education v. County Board of Education, 254 Iowa 1285, 1288, 121 N.W.2d 137.

And in the case of In re Community Sch. Dist. of Malvern, 250 Iowa 1240, 1244–1246, 98 N.W.2d 737, we held the creation, enlargement or diminution of school districts, and the establishment of boundaries, is a legislative function being at most quasi-judicial.

This does not mean however an administrative tribunal such as the State Department of Public Instruction, in resolving a dispute involving school district boundary lines, may base its decision upon evidence secretly obtained.

Whenever an administrative agency wrestles with questions of law or policy, it is acting legislatively. However when

such a tribunal makes a finding concerning the immediate parties to a controversy and others standing in the same position, it is performing a function adjudicatory in nature. See Cellhorn, Administrative Law, Cases and Comments, Second Ed., chapter 6, page 544.

In the instant case the state department was called upon to ultimately perform a legislative function but to do so by an adjudicative process.

When an administrative agency is called upon to act in a quasi-judicial capacity, such as that here involved, all parties to the proceeding are entitled to be fully apprised of the material evidence to be considered. They must be afforded a fair and reasonable opportunity to present their views. Nothing can be treated as evidence which has not been introduced or dealt with as such at the hearing. This is essential to a just and impartial hearing and to a proper appellate review. See In re Durant Community Sch. Dist., 252 Iowa 237, 248, 106 N.W.2d 670; Turnis v. Board of Education, 252 Iowa 922, 930, 109 N.W.2d 198; 2 Am. Jur.2d, Administrative Law, section 384, page 190; and annotations, 18 A. L. R.2d 554–592.

Furthermore we have neither found nor has there been cited to us any statutory authority for the challenged procedure here employed by the state department.

Code sections 275.1, 275.2, 275.4, 275.8 and 275.9 provide no authorization for any such investigation or survey.

The department attempts to give these legislative enactments a meaning and purpose neither express nor implied. Basically they require the state organization to assist county boards in making any studies or surveys required by chapter 275 of the Code. This is best illustrated by section 275.8 which provides in part: "The state department of public instruction shall co-operate with the several county boards of education in making the studies and surveys required hereunder."

Touching on that subject this court has held, once the required surveys have been conducted preparatory to adoption of a reorganization plan, no new or additional studies are required as a condition to any subsequent changes. Board of

Directors v. Board of Education, 252 Iowa 1000, 1008, 1009, 109 N.W.2d 218.

The trial court determined and we now hold the State Department of Public Instruction acted unfairly and arbitrarily in effecting and employing a post hearing survey in arriving at its decision without granting to all parties before it on appeal a timely and complete disclosure of the study report, including all facts relative thereto, with an attendant right to fairly and fully meet it, and present their respective views on the matter. They must be accorded this privilege.

III. It is also for us to determine whether the state department acted arbitrarily, capriciously and unreasonably in modifying the boundary lines established by the joint board. Here we allude specifically to the establishment of a boundary line in such manner as to place a small portion of the Town of Nichols, having a population of about 400, in the new Lone Tree District, leaving a substantial part in the old Nichols District.

As stated in Appeal of Board of Directors v. County Board of Education, 257 Iowa 106, 114, 131 N.W.2d 802, 807: "We may consider here only the judicial question of whether the state department exceeded its jurisdiction and whether its order was arbitrary, unreasonable and without support in the record. We may not substitute our judgment for that of the state board as to the wisdom of the plan for the proposed district. In re Community School District of Malvern, Mills County, 250 Iowa 1240, 98 N.W.2d 737; In re Durant Community School District, 252 Iowa 237, 106 N.W.2d 670; Board of Directors of Pleasant Hill Independent School District v. Board of Education, 252 Iowa 1000, 109 N.W.2d 218; Board of Education of Independent School Dist. of Stanton v. County Board etc., 254 Iowa 1285, 121 N.W.2d 137."

Arbitrary, capricious and unreasonable action on the part of an administrative agency occurs when it can be said to be without rational basis; unconsidered, willful and irrational choice of conduct, unsupported by competent and substantial evidence. See Crowley v. Johnson County, 234 Iowa 142, 149, 12 N.W.2d 244; Monachino v. Rohan, 13 Misc.2d 729, 178

N. Y. S.2d 246, 248; and Thurman v. Meridian Mutual Insurance Co., Ky., 345 S.W.2d 635, 639.

As previously disclosed the state department based its decision in large part at least upon what may best be described as an ultra vires survey.

When the results of this spurious investigation are disregarded there is actually little or nothing in the record lending support to the severance action of the department.

Furthermore, even if these survey statistics be weighed and considered, we fail to find in them, standing alone, any substantial basis upon which to here divide a relatively small community into two separate school districts. Code section 275.25 is here inapplicable and in any event grants no right or authority to so do.

As the trial court aptly stated: "* * * a very small portion of the Town of Nichols will be in the territory which is to become a part of the Lone Tree District while the big majority of the Town will be outside of that territory and in the territory which will remain a part of the present Nichols District. This means that if there are small children living within the red border (the part that belongs to Lone Tree District), they cannot attend the school which is located in the Town of Nichols because that school is in the portion of the Town which does not belong to Lone Tree. In other words, these small children must be transported all the way to Lone Tree instead of being permitted to attend school in their own town. This Court feels that the dividing of the Town of Nichols was arbitrary, capricious and unreasonable, and therefore illegal."

Under existing circumstances we are in complete agreement with these findings and now hold accordingly.

IV. For all the reasons heretofore stated it is evident the trial court was correct in nullifying the decision of the state department.

However, in approving and reinstating the action of the joint county board the trial court exceeded its jurisdiction.

We have on numerous occasions held the establishment of boundaries or formation of school districts is a function which the courts of this state may not perform. See Appeal of Board of

Directors v. County Board of Education, 257 Iowa 106, 131 N.W.2d 802, 807, and citations.

Upon a statutory appeal involving school district boundary line disputes, no court may substitute its judgment for that of any designated school authorities. In re Durant Community Sch. Dist., 252 Iowa 237, 243–245, 106 N.W.2d 670.

In force and effect the trial court adopted the boundary lines of the proposed school district as fixed and determined by the joint county board, thereby substituting its judgment for that of the state department. This it could not do.

V. The order of the trial court nullifying the decision of the State Department of Public Instruction is affirmed.

However, the order of the trial court reinstating the action of the joint county board in establishing boundary lines of the proposed new school district is reversed and this case remanded to the State Department of Public Instruction for a new hearing consistent herewith upon due and timely notice accorded all parties participating in the appeal to that tribunal.

Affirmed in part, reversed in part and remanded to the State Department of Public Instruction for new hearing.

All JUSTICES concur except THORNTON, J., not sitting.