DELIA PAULSON et al., Appellants, v. ERNEST PAULSON et al., Appellees.

No. 44785.

JUNE 20, 1939.

L. Dee Mallonee, for appellants.

Harry Swan, for appellees.

SAGER, J.—On January 8, 1915, Andrew and Clarence, sons

of Claus Paulson, purchased the lot in controversy as a burial place for their father. The deed conveyed only the right "to use and occupy the following described premises in said Cemetery, as a place of burial for the dead * * *." Claus was buried in the southwest corner of the lot. Clarence died in 1932 and was buried in the northwest corner. Upon the death of Clarence, his widow (plaintiff) inherited one half of his one-half interest; and Hilma, wife of Claus and mother of the grantees, the other one half of such interest. Hilma conveyed her interest to two of her children, Ernest Paulson and Anna M. Schultz. Hilma died in 1934, but litigation over the title to Clarence's share prevented immediate interment, so she was laid in a mausoleum.

The district court having decided that plaintiff, Delia Paulson, owned only one fourth of the lot, the owners of the other three fourths directed that Hilma be buried beside her husband, Claus. This was done on March 24, 1938, over plaintiff Delia's objections.

Andrew, the other grantee, died leaving a widow, Louise, and three children, Eleanor, Ettabelle and Maxine. Andrew was buried in the southeast corner of the lot. The lot in controversy is twelve feet north and south, and twenty feet east and west. When it was purchased in 1915, three feet were sufficient width for a grave, thus providing space for the burial of eight persons. The use of modern burial vaults necessitates allowing four feet for each grave. Vaults were used in the sepulture of Clarence, Hilma and Andrew, thus leaving insufficient room for another grave on the west half of the lot, and space for only two more on the east half. Plaintiff's complaint is that the owners of the three fourths of the lot had no right to put the body of Hilma where they did. She now insists that the remains of the mother of her deceased husband be dug up and transplanted, so that she, plaintiff Delia, may at her death be buried beside her husband. The court declined to interfere with the ashes of Hilma, and awarded to the plaintiff Delia the title to the north one fourth of the lot, thus allowing place for one grave adjoining that of her husband on the east.

At the beginning of this controversy all the persons who have been mentioned as having an interest in this cemetery lot were, with two exceptions, plaintiffs, the exceptions being Ernest Paulson and Anna M. Schultz. At some stage of the proceed-

ings, Louise, widow of Andrew, with her children were made defendants. From that time forward to the decree, and since, they have not been represented in court by any attorney and no pleadings of any kind were filed for or against them. They have not been served with notice of appeal. We do not overlook the fact that the attorney for the original defendants accepted service of the notice of appeal addressed to all of the defendants as "attorney for defendants". This seems to be an inadvertence because this attorney did not represent Louise and her children in the court below, and does not do so now.

On the contrary, the attorney for Ernest Paulson and Anna M. Schultz has filed herein a motion to dismiss this appeal for want of necessary parties. Appellant Delia's resistance to this motion to dismiss is in part as follows:

"Par. 1. That no appeal was taken nor was intended as to the findings of the lower court as to the interests of and his allocation of the portion of the lot involved and given to the plaintiffs Eleanor, Louise, Ettabelle and Maxine Paulson.

"Par. 2. That the trial court definitely set apart and divided said lot and the interests therein become separate and distinct and so renders possible an appeal as to that portion of the decree objected to by the appellant without appealing from, objecting to or disturbing that portion of the decree or finding to which no objection was had.

"Par. 3. That there is no dispute or inclination to question any portion of the decree of the trial court except so far as the allocation of the interests of Ernest Paulson and Anna Schultz are concerned and, therefore, the interests of the other parties cannot be disturbed or affected, and for that reason they are not necessary parties to this appeal."

We are not certain that we understand just what appellant means by this resistance; but we are at loss to see how any ruling can be made here, in which the widow and children of one of the original grantees would not have an interest. Aside from this question of a rearrangement of shares to suit the desires of plaintiff, these children of Andrew have a distinct interest in seeing to it that the remains of their grandmother, Hilma, be permitted to rest in peace. We have held that we cannot consider an appeal in the absence of necessary parties. State v. Southern Surety Company, 223 Iowa 558, 273 N. W. 129.

We hold that the widow and children of Andrew Paulson are such necessary parties, and this appeal is therefore dismissed.—Appeal dismissed.

MITCHELL, C. J., and MILLER, HAMILTON, HALE, OLIVER, BLISS, RICHARDS, and STIGER, JJ., concur.