In re Proposed Community School District of Farragut.

Monroe Township School District, appellant, v. Board of Education in and for Fremont County et al., appellees; Community School District of Farragut et al., intervenors.

No. 49794.

(Reported in 98 N.W.2d 888)

OCTOBER 20, 1959.

D. D. Hogzett, of Oakland, and Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellant.

Edwin S. Getscher, of Hamburg, for defendants-appellees.

John S. Redd, of Sidney, and Raun & Franck, of Denison, for intervenors-appellees.

THOMPSON, J.—Through proceedings which are not in issue so far as this appeal is concerned, the County Board of Education of Fremont County amended a previously submitted plan of county reorganization. Thereupon the plaintiff, one of the districts affected by the plan and the amendments, appealed to the District Court of Fremont County, alleging certain errors in the procedures in granting the petition and the amendments.

The County Board and the Superintendent of Schools, in his official capacity and as Secretary of the Board, were the only defendants named in the appeal. They filed a special appearance, raising two basic questions: 1, the County Board, hereinafter referred to as the Board, and County Superintendent are not proper or necessary parties or real parties in interest in the appeal; and 2, the petitioners, or proponents for the establishment of the district, and the school districts affected by the petition and the decision thereupon, other than the plaintiff, are necessary and indispensable parties to the appeal; and so no proper and timely appeal from the decision of the Board has been taken. The trial court sustained the special appearance, and we have this appeal.

I. In the special appearance, three districts other than the plaintiff are named as being affected by the ruling of the Board. The special appearance is not verified, and we have no way of knowing whether its allegation as to the other districts is true; nor do we think this is a matter of which the court can take judicial notice. In our view of the case, however, whether there are other affected districts is not material and we give the matter no further attention. In passing, it may be noted that one other district, the Community District of Farragut and its Board of Directors, attempted to intervene and filed a special appearance, raising substantially the same questions. It alleged it is one of the districts affected. This special appearance was overruled, and no appeal has been taken. No further reference will be made to it.

II. The special appearance attempts to raise important questions as to the proper parties to an appeal to the courts from a decision of the County Board of Education when the entire territory affected lies within the same county. But the method of raising them is challenged; and since we agree that special appearance is not a proper method of bringing them before the courts, we do not reach them. It is suggested in argument that some of the matters suggested and relied upon by the defendants and the trial court will require evidence to establish. For instance, we do not know how many districts, if any, other than the plaintiff and the intervening district, may be affected. The special appearance names others; but in this respect it is di-

rectly analogous to a "speaking" demurrer, and we can give it no consideration. Bales v. Iowa State Highway Commission, 249 Iowa 57, 62, 86 N.W.2d 244, 248. In any event, we are met at the threshold of the case by the plaintiff's contention that special appearance is not a proper manner of raising the substantial questions; and this being well founded, we must wait until they are properly before us before determining them. We cannot say: "If these matters were properly presented, our holding would be thus and so."

■ III. The claim that the defendants are not proper parties to the appeal may be shortly dismissed. It is not contended that they are not properly named in the petition, or that a proper and timely notice was not served upon them. This being so, their argument at this point is sufficiently answered by the statement that if they are not proper parties and so no cause of action is stated against them, they may raise the point by motion to dismiss, or answer, or perhaps in other ways. The question goes to the merits of the controversy, rather than to the jurisdiction. Harvey v. Prall, 250 Iowa 1111, 1117, 97 N.W.2d 306, 310.

■ IV. The function of a special appearance is discussed and defined in State ex rel. Cairy v. Iowa Co-Operative Association, 248 Iowa 167, 169, 170, 171, 79 N.W.2d 775. It is there pointed out that it serves only to raise questions of jurisdiction of the person, or insufficiency of the original notice either in its contents or manner of service, or jurisdiction of the subject matter. R. C. P. 104(a). To the same effect is J. R. Watkins Co. v. Kramer, 250 Iowa 947, 97 N.W.2d 303.

■■ Since there is no claim of lack of service of a proper notice upon the defendants, their case must rest upon some asserted want of jurisdiction of the subject matter. In State ex rel. Cairy, supra, we set out the rules which determine this question. We there cited authorities, including 14 Am. Jur., Courts, section 160, pages 363, 364; Collins v. Powell, 224 Iowa 1015, 1020, 277 N.W. 477, 481; In re Appeal of McLain, 189 Iowa 264, 269, 176 N.W. 817, 819; and Reed v. Muscatine, 104 Iowa 183, 184, 185, 73 N.W. 579. All of these are to the general effect that a court has jurisdiction of the subject matter of an action when it has a right to try the kind of proceeding, the

general class of cases to which the one then before it belongs. It seems inescapable that the court had jurisdiction to try the class of cases which includes the present one, section 275.15, Code of 1958, which provides: "* * * Within twenty days after the publication [of the order fixing boundaries of the proposed school corporation] thereof the decision rendered by the county board of education may be appealed to a court of record in the county involved by any school district affected." The applicability of this section is not questioned, except by the claim of defects in parties.

V. It would be possible to close this opinion with a statement of the rules set forth in the preceding division. However, this might be thought to be a lack of consideration of the position of the defendants and to fly in the face of some of the authorities cited by them. One of these is In re Redistricting of School Districts, 164 Neb. 78, 81 N.W.2d 822. The trial court granted a motion to dismiss because of lack of necessary parties, and the supreme court affirmed. The propriety of raising the point by a special appearance questioning the jurisdiction was not involved. Defendants also rely much upon such cases as Paulson v. Paulson, 226 Iowa 1290, 286 N.W. 431, and In re Estate of Shumaker, 234 Iowa 195, 197, 12 N.W.2d 207. It is true that in these cases we dismissed appeals to this court because parties to the action below who might be adversely affected were not served with notice of the appeal; and we referred to lack of jurisdiction. If we were here concerned with a true appeal, from one court to another, these cases might be persuasive. But we think the ordinary appeal from a decision of an administrative tribunal to the courts is not to be regarded as a real judicial appeal. It is, in effect, nothing more than a means of getting the matter before the trial court as an original proceeding and for an original judgment. The authorities so holding are numerous.

Thus, in Routh v. Board of County Comrs., 84 Kan. 25, 27, it is said: "* * * what is called an appeal is really only a means of getting the controversy before a court. It is a substitute for filing a petition and causing a summons to issue. The district court in the one case as in the other acquires and exercises original, and not appellate, jurisdiction * * *." This was

quoted with approval in In re McInerney, 47 Wyo. 258, 275, 34 P.2d 35, 41.

Likewise, in Commonwealth v. Deford Co., 137 Va. 542, 548, 120 S.E. 281, 283, the Virginia Supreme Court of Appeals held: "The word 'appeal', when used in a statute of this character, is merely a provision for transferring the controversy to the court for review of the action of an administrative board. The word is not used technically as is the word 'appeal' when providing for appeals from inferior courts of record to appellate courts."

Similar language was used by the New Hampshire Supreme Court when it said in Boston & Maine Railroad v. State, 77 N. H. 437, 438, 93 A. 306: "* * * it must be inferred that the legislature intended to transfer to the court the entire question involved in the matter appealed, to be there determined by an original judgment * * *." Connecticut has been equally definite.

In DeFlumeri v. Sunderland, 109 Conn. 583, 585, 145 A. 48, 49, we find this language: "It is not an 'appeal' in the sense of a transfer of jurisdiction from one court to another, but simply provides 'a process, under the misleading name of appeal, for invoking the judicial power to determine a legal injury complained of, or the legality of an act done by the officers of another department.' Malmo's Appeal, 72 Conn. 1, 6, 43 A. 485, 487."

We ourselves have held substantially the same. In Howell School Board District v. Hubbartt, 246 Iowa 1265, 1268, 70 N.W.2d 531, 532, we said that the trial court had held "(1) that the action was triable as an ordinary action and not as an appellate proceeding and it was reviewable * * * on the petition filed * * * and the stipulation of facts;" and we affirmed.

The reasoning of these cases seems sound beyond fair debate. We must for the purposes of jurisdiction, and of procedure and pleading, except where the statute specifically outlines these matters, view this "appeal" as merely an original proceeding in the district court to determine the rights of the parties and the legality of the actions of the administrative body. No specific procedures are outlined except for the time of taking the appeal. We held in Board of Directors of Lewis Consolidated Sch. Dist. (Cass County) v. Board of Education (Cass

County), 250 Iowa 1107, 1110, 1111, 97 N.W.2d 166, 168, that rule 368, R. C. P., does not apply to appeals from the actions of joint boards of more than one county; because the procedures and formulation of the issues are sufficiently delineated in the statutes. It may be noted that the State Department of Public Instruction is given the power to affirm actions of joint boards, or to vacate or dismiss their proceedings or to modify them in such manner "as in their judgment would serve the best interest of all the counties." On appeal a court of record is empowered by the statute, section 275.16, to act with the same authority as is given to the State Department of Public Instruction. The constitutionality or legality of permitting the courts to fix boundaries is not before us, and as in the Lewis case, supra, at page 1111 of 250 Iowa, page 168 of 97 N.W.2d, we make no finding thereupon.

If the appeal herein is not a true appeal, but merely the institution of an original proceeding, as we have held, the matter of procedure and pleading falls within the Rules of Civil Procedure in the absence of any other direction by the statutes. Rule 25(c) says: "If an indispensable party is not before the court, it shall order him brought in. When persons are not before the court who, although not indispensable, ought to be parties if complete relief is to be accorded between those already parties, and when necessary jurisdiction can be obtained by service of original notice in any manner provided by these rules or by statute, the court shall order their names added as parties and original notice served upon them. * * *." City of Cedar Rapids v. Cox, 250 Iowa 457, 465, 93 N.W.2d 216, 221.

This being an original proceeding in the district court, the ordinary rules of civil procedure, including pleadings and including rules 25 and 368, supra, must apply, except as different rules therefor are provided by the statutes giving the right of appeal; and such statutes supersede the rules only to the extent that they do provide specifically for different procedures. The issues are by no means so specifically formulated in the case of appeals from one-county boards as from joint boards. In any event, they make no provision for bringing in indispensable parties, and so we must turn to the Rules of Civil Procedure for our guidance on this point, in particular rule 25.

The proper procedure for the trial court, if it found there were necessary parties not before it, was to follow the command of rule 25 above and to order them brought in. It had jurisdiction of the persons of the defendants and of the subject matter of the action. The cause is reversed and remanded for further proceedings in harmony with this opinion.—Reversed and remanded.

All JUSTICES concur except PETERSON, J., who takes no part.