BOARD OF EDUCATION in and for ESSEX INDEPENDENT SCHOOL DISTRICT, Page County, BOARD OF EDUCATION in and for COBURG CONSOLIDATED SCHOOL DISTRICT, Montgomery County (intervenors-appellees), plaintiffs-appellants, v. BOARD OF EDUCATION (Montgomery County) et al. (appellants), defendants-appellees.

BOARD OF EDUCATION (Page and Montgomery Counties) acting as a single Board, appellee, v. BOARD OF EDUCATION, Page County, et al. affected thereby.

No. 50028.

(Reported in 104 N.W.2d 590)

AUGUST 2, 1960.

John S. Redd, of Sidney, for appellants.

John F. Boeye, of Red Oak, County Attorney, and for appellee Board of Education in and for Montgomery County.

Richard Davidson, of Clarinda, County Attorney, and for appellee Board of Education in and for Page County.

GARRETT, J.—On May 12, 1958, there was filed in the office of the Page County Superintendent, pursuant to section 275.12, Code of 1958, a petition for the reorganization of certain districts in Page and Montgomery Counties into the Coburg-Essex Community School District. The petition proposed to unite twenty-one existing districts containing over 120 sections of land with an estimated valuation of $6,600,000 and including 550 pupils. The petition itself did not bear the signatures required by statute but there were 1079 signatures on signature sheets filed with the petition. More than 20% of the eligible voters in each affected district signed such sheets. Of the 1367 qualified voters in the area 79% signed. The required signatures were not attached to the petition but were on papers at the top of which was printed "Signatures for Proposed Coburg-Essex Community School" and below were four ruled columns headed respectively with the words, Date, Name, Address and District.

On June 21, 1958, on proper notice a hearing was held before the joint boards of Page and Montgomery Counties acting as a single board. After hearing the evidence and arguments the joint board ruled upon the objections and by a vote of seven to three approved the proposal as modified and fixed the boundaries. Appeal to the State Department of Public Instruction was taken by the Montgomery County Board, Board of Education of the Red Oak Independent School District, Board of Education of the Shenandoah Independent School District, Board of

Education of the Clarinda Independent School District and four of the districts involved. The appeal was properly dismissed as to the Red Oak, Shenandoah and Clarinda districts on the ground they were not aggrieved parties.

The record states appellants (on appeal to the State Board) sent notice by mail to the twenty-one school districts affected, said notice concluding "You will be notified by the State Superintendent of Public Instruction of the exact time and place of hearing on said appeal." The State Superintendent set the hearing for August 20, 1958, and caused notice of the appeal and the hearing thereon to be served only upon the appellant boards and the two county boards. It was not served upon the fifteen other districts affected. Following the hearing, the facts being stipulated, the decision of the State Superintendent was filed and approved by the State Board of Public Instruction on August 29, 1958. We quote therefrom: "Issue: Was the procedure followed legal and was there adequate joint planning? * * * The record indicates that the petition for the proposed district was not attached to the paper for the petitioners to sign. There appears to be some indication they did not know what they signed. * * * There has been inadequate joint planning and insufficient consideration for the welfare of the adjoining districts. It is also our opinion there has been insufficient consideration for the welfare of the children of the district and adjacent districts."

The decision of the joint board of Page and Montgomery Counties was ordered vacated.

From this decision due and timely appeal to the district court of Page County was taken by the Board of Education of the Essex Independent School District and the Board of Education of the Coburg Consolidated School District. An interlocutory hearing on points of law resulted in a ruling by the court "that it has jurisdiction of the subject matter and the parties that have filed pleadings herein, as provided in Chapt. 275 of the 1958 Code of Iowa, Sections 275.8, 275.12 and 275.16, as hereinabove mentioned."

On final hearing, the evidence being stipulated, the trial court held the petition on which the boards of education of Page

and Montgomery Counties, acting as a joint board, based their action in establishing the Coburg-Essex Community School District "was not signed by eligible voters within the meaning of Section 275.12" and in its decision stated, "The court further concludes that at the time of the hearing before the joint boards of education they did not have before them a valid petition, and consequently had no jurisdiction to proceed with the establishment of the district." The court did not decide the question of jurisdiction of the State Board of Public Instruction to pass upon the issues raised by the failure of the State Superintendent and State Board of Public Instruction to give a ten-day notice in writing to all county boards and school districts affected.

From judgment sustaining the action of the State Board vacating the decision of the joint board establishing the Coburg-Essex Community School District and the ruling on their motion for a new trial plaintiffs have appealed.

■ I. The first question to be considered is whether the State Superintendent and State Board of Public Instruction had jurisdiction of the necessary parties and the subject matter of the proceedings. Upon establishment by the joint board of the Coburg-Essex Community School District the Board of Education of Montgomery County and four interested districts, feeling aggrieved, appealed to the State Board of Public Instruction pursuant to sections 275.8 and 275.16. The latter section provides in part:

"In case a controversy arises from such meeting, the county board or boards or any school district aggrieved may bring the controversy to the state department of public instruction, as provided in section 275.8, within twenty days from the publication of this order, and if said controversy is taken to the state department of public instruction, a *ten-day notice in writing shall be given to all county boards and school districts affected or portions thereof.*"

Such notice was given the Board of Education of Montgomery County, the Board of Education of Page County and four of the twenty-one districts involved, but it was not given to fifteen of the affected districts and they did not appear. The State Board heard and determined the controversy without com-

plying with the quoted provisions of the statute, which must be construed to mean that all affected districts shall be given ten days notice in writing of the time and place of the hearing by the state department. Without such notice they are not bound unless they have appeared or waived notice.

The organization of the new district very materially affects all of the districts involved. There is no way the relief sought by the appellees here (appellants before the State Board) may be granted without taking from the appellants and the districts not served the rights and supposed advantages reorganization would give them. The districts affected and not served were entitled to a fair hearing or the opportunity to be heard before the State Board. They were denied the notice required by law and were thus deprived of their legal right to be heard and we must therefore hold that the State Board was without authority to decide the issues and its decision and the judgment of the trial court sustaining it are null and void. The purport and effect of the judgment of the trial court was that it had jurisdiction of all necessary parties. Such holding was not supported by the record.

The trial court on the record before it had jurisdiction of the subject matter but not of certain necessary parties and should have remanded the case to the State Board with directions to have the indispensable parties before it by proper service of notice before deciding the issues involved. Rule 25 of Civil Procedure is applicable here. "* * * (b) *Definition of indispensable party.* A party is indispensable if his interest is not severable, and his absence will prevent the court from rendering any judgment between the parties before it; or if notwithstanding his absence his interest would necessarily be inequitably affected by a judgment rendered between those before the court. *(c) Indispensable party not before the court.* If an indispensable party is not before the court, it shall order him brought in. * * *."

While not decisive of the question before us, the following cases lend some support to our position: In State ex rel. Moulton v. Consolidated Independent School District, 195 Iowa 637, 639, 640, 192 N.W. 5, 6, where the county superintendent failed

to serve a notice of appeal within the statutory time but served it later he did not lose jurisdiction of the proceeding. We there said: "His duty to cause the notice to be published within the time fixed is mandatory. The duty imposed is, therefore, an affirmative one; but we are not inclined to accept the view of counsel for appellant that the statute was also intended to place a limit upon the jurisdiction or authority of the county superintendent to cause notice to be published after the time fixed. * * * Jurisdiction having been acquired, it was not lost by the omission of the county superintendent to give notice by registered letter to Moulton of the time fixed for the hearing before the county board of education."

See also Zilske v. Albers, 238 Iowa 1050, 1055, 29 N.W.2d 189.

In State ex rel. Cox v. Consolidated Independent School District, 246 Iowa 566, 573, 68 N.W.2d 305, 309, discussing the Moulton case, supra, this court said: "We held the duty imposed upon the county superintendent was mandatory but that his failure to act within the statutory time by giving to an appealing objector notice of the time and place of hearing the appeal did not operate as a limitation upon his 'jurisdiction and authority * * * to cause a new notice to be published, in order that a fatal defect in the subsequent procedure may be corrected.' "

██ It has been settled in this state that the so-called appeal from an administrative body to the courts is not in reality a judicial appeal. "* * * we think the ordinary appeal from a decision of an administrative tribunal to the courts is not to be regarded as a real judicial appeal. It is, in effect, nothing more than a means of getting the matter before the trial court as an original proceeding and for an original judgment. The authorities so holding are numerous." Monroe Township School District v. Board of Education, 250 Iowa 1324, 1328, 98 N.W.2d 888, 890. The following are quotations from the above case (pages 1328, 1329, 1331): " "* * * what is called an appeal is really only a means of getting the controversy before a court. It is a substitute for filing a petition and causing a summons to issue. The district court in the one case as in the other ac-

quires and exercises original, and not appellate, jurisdiction
* * *.' * * * We held in Board of Directors of Lewis Consoli-
dated Sch. Dist. (Cass County) v. Board of Education (Cass
County), 250 Iowa 1107, 1110, 1111, 97 N.W.2d 166, 168, that
rule 368, R. C. P., does not apply to appeals from the actions
of joint boards of more than one county; because the procedures
and formulation of the issues are sufficiently delineated in the
statutes. It may be noted that the State Department of Public
Instruction is given the power to affirm actions of joint boards,
or to vacate or dismiss their proceedings or to modify them in
such manner 'as in their judgment would serve the best interests
of all the counties.' * * * The proper procedure for the trial
court, if it found there were necessary parties not before it,
was to follow the command of rule 25 above and to order them
brought in."

There is no provision in our law for appeal directly
from joint boards to the district court. If there is an appeal
it must be to the state department, who is given extensive power
and authority and cannot be by-passed. Section 275.16 provides:
"The state department shall have the authority to affirm the
action of the joint boards, to vacate, to dismiss all proceedings
or to make such modification of the action of the joint boards
as in their judgment would serve the best interest of all the
counties."

We have frequently held that such matters of policy
as are involved in the formation of school districts are legisla-
tive in character and must be left to bodies which have legis-
lative power as distinguished from the judicial power conferred
upon the courts.

The legislature conferred large powers upon the state
department and we cannot repeal that legislation. It is within
our jurisdiction to determine whether or not it has followed
the legislative limitations placed upon it. In this instance its
authority to act depends upon its first giving a ten-day notice
"to all county boards and school districts affected or portions
thereof." The statute does not say when the ten-day notice shall
be given, but until it is given the state department is without
jurisdiction to proceed against the indispensable parties. The

procedure is prescribed by statute and until it is complied with the state department and the trial court are without authority to adjudicate the rights of the parties not in court.

For the reasons stated the judgment of the trial court is reversed and the cause remanded with direction that it be sent back to the State Board of Public Instruction for proper action. —Reversed and remanded.

LARSON, C. J., and GARFIELD, HAYS, PETERSON, THOMPSON, and THORNTON, JJ., concur.

OLIVER, J., not sitting.