BOARD OF DIRECTORS of the LARRABEE CONSOLIDATED SCHOOL DISTRICT et al., appellants, v. CHEROKEE COUNTY BOARD OF EDUCATION et al., appellees.

No. 52446.

(Reported in 149 N.W.2d 304)

March 7, 1967.

Richard Rhinehart, of Sioux City, for appellants.

James L. McDonald, of Cherokee, for appellees.

Becker, J.—Plaintiffs as Directors of the Board of Education of the Larrabee Consolidated School District seek to appeal the action of the Cherokee County Board of Education attaching the Larrabee Consolidated School District to the Cherokee Independent School District. The County Board of Education filed a special appearance challenging the court's jurisdiction. The special appearance was sustained and plaintiffs' appeal dismissed.

On April 29, 1966, the secretary of the State Board of Public Instruction approved defendant county school board's action. Section 275.1, Code, 1966, provides in part: "* * * Any such district or part thereof attached by the county board of education, with the approval of the state board of public instruction, shall have the right to appeal this attachment to a court of record in the county in which said district or part thereof is located within twenty days after the date of the approval by the state board of public instruction."

On May 19, 1966, plaintiffs filed Petition on Appeal with the clerk of the district court for Cherokee County. The petition alleged that defendants' action was in violation of section 275.1, was capricious and arbitrary, not in the best interest of all parties concerned and without regard to the welfare of the adjoining districts. It asked that the attachment be held null and void.

Notice of Appeal was filed with Petition on Appeal and copies of the notice were placed in the hands of the sheriff. Intent that the notices are to be immediately served is presumed unless the contrary appears. Iowa Rules of Civil Procedure, No. 49. Notice was actually served on all board members on May 21 and on the secretary on May 26.

The notice was entitled Notice of Appeal and provided as follows: "You and each of you are hereby notified that the plaintiffs hereinabove named hereby appeal to the District Court of Iowa in and for Cherokee County from the action taken by the Cherokee County Board of Education and subsequently approved by the State Board of Public Instruction as completed by the Secretary of the said State Board on April 29, 1966, attaching the territory of the Larrabee Consolidated School District to the Cherokee Independent School District on the grounds set out in the attached petition. You are further notified that you should file your answer to the petition, now on file with the Clerk of the District Court in and for Cherokee County, or such other pleadings as may be proper or as required by Iowa Rules of Civil Procedure 368 of the laws of the State of Iowa as may be applicable thereto."

Defendants' special appearance is bottomed on the contention "that the attachment must be appeal[ed] to the Court

within twenty (20) days after the approval by the State Board of Public Instruction, that this proceeding is an original action and must be commenced according to the Iowa Rules of Civil Procedure, that the Notice of this proceeding was not served on the Chairman of the defendant Board within twenty (20) days following the approval of the attachment by the State Board of Public Instruction, * * *."

Plaintiffs contend that the notice was placed in the hands of the sheriff for immediate service, served the purpose of an original notice and delivery of the notice constituted a commencement of the action for the purpose of determining whether the action had been started within the statute of limitations.

Defendants challenge this position because they contend the notice fails to provide an appearance date.

I. A somewhat similar problem was faced by this court in Mazzoli v. City of Des Moines, 245 Iowa 571, 63 N.W.2d 218. In that condemnation case the statute provided: " 'Any party interested may, within thirty days after the assessment is made, appeal therefrom to the district court, by giving the adverse party, his agent or attorney, and the sheriff, written notice that such appeal has been taken.' " In that case, as here, the notice was delivered to the sheriff within the time allowed by law but was not served on the city until after the 30-day period had run. A majority of the court held that the jurisdiction of the district court was appellate, notice had to be served upon the sheriff and the adverse party within 30 days, and delivery of notice to the sheriff did not toll the statute of limitations under rule 49, Iowa Rules of Civil Procedure. Four members of this court felt that the jurisdiction of the courts in case of an appeal from an administrative body was original, that the notice contained all of the requirements of an original notice and that rule 49, which would constitute a commencement of the action for the purpose of the statute of limitations, should apply.

Since Mazzoli was decided, we have adopted the reasoning of the dissent as to the nature of the action before the district court where one of the parties seeks judicial review of an administrative decision. In re Community School District of Farragut, 250 Iowa 1324, 98 N.W.2d 888; Board of Education Essex Ind. Sch.

Dist. v. Board of Education etc., 251 Iowa 1085, 104 N.W.2d 590; Danner v. Hass, 257 Iowa 654, 134 N.W.2d 534.

Both parties recognize that our latest cases now clearly hold that "appeals from administrative proceedings generally invoke the original rather than the appellate jurisdiction of the courts in the absence of a contrary intent shown by the statutes." Danner v. Hass, supra.

Section 275.1, Code, 1966, provides only for appeal and the time within which it shall be taken. Therefore the statement in the Farragut case, supra, page 1329, is controlling. "We must for the purposes of jurisdiction, and of procedure and pleading, except where the statute specifically outlines these matters, view this 'appeal' as merely an original proceeding in the district court to determine the rights of the parties and the legality of the actions of the administrative body. No specific procedures are outlined except for the time of taking the appeal."

II. Board of Education Essex Ind. Sch. Dist. v. Board of Education, supra, used the following quotation (page 1091 of 251 Iowa): " '* * * we think the ordinary appeal from a decision of an administrative tribunal to the courts is not to be regarded as a real judicial appeal. It is, in effect, nothing more than a means of getting the matter before the trial court as an original proceeding and for an original judgment. * * *.' "

While appeals of this nature are thus akin to commencement of ordinary actions, the fact that they are continuations of prior governmental action or hearing cannot be wholly ignored. Otherwise rule 368 would have no purpose.

Rule 368 provides: "Appeal to district court from administrative body. Where appeal to the district court from an action or decision of any officer, body or board is provided for by statute and the statute does not provide for the formulation of the issues either before such officer, body or board, or in the district court, the appellant shall file a petition in the district court within ten days after perfecting the appeal, or within such time as may be prescribed by the court. The appellee shall file motion or an answer to such petition within ten days thereafter, or within such further time as may be prescribed by the court.

Thereafter the rules of pleading and procedure in actions in the district court shall be applicable."

In re Community School District of Farragut, supra, held that R. C. P. 368 was applicable. It is also applicable here.

III. In examination of the contents of an original notice to determine its sufficiency to confer jurisdiction, we said in Jacobson v. Leap, 249 Iowa 1036, 1040, 88 N.W.2d 919: "Under our earlier decisions a strict, in fact a literal, compliance with the statute was required. A departure therefrom was fatal. By more recent decisions we have adopted a rule of liberal construction to avoid defeating action because of technical and formal defects which could not reasonably have misled defendant [citing cases]."

The Rules of Civil Procedure are to be liberally construed for the purpose of promoting the speedy determination of litigation upon its merits. Krueger v. Lynch, 242 Iowa 772, 779, 48 N.W.2d 266.

Plaintiffs' failure to notify defendants to appear within the specified number of days after service, as required by rule 53 or 54, does not render the notice defective. When plaintiffs decided to "appeal" they (1) filed petition in the district court, (2) filed notice of appeal in district court, (3) placed copies of the notice, with copies of the petition attached, in the hands of the sheriff. Failure under such circumstances to state the number of days required for appearance could not have misled defendant. Defendants were properly told to govern themselves in accordance with rule 368. Such action was sufficient to invoke the operation of rule 49 which provides: "Tolling limitations. For the purpose of determining whether an action has been commenced within the time allowed by statutes for limitation of actions, whether the limitation inheres in the statutes creating the remedy or not, the delivery of the original notice to the sheriff of the proper county with the intent that it be served immediately (which intent shall be presumed unless the contrary appears) shall also be deemed a commencement of the action."

Defendants state, quite correctly, that plaintiffs' notice was not meant to be an original notice. They point out that the notice was denominated a notice of appeal. This would make no differ-

ence in considering the validity of the notice as a jurisdictional base. The interposition of rule 368, plus the legislature's use of the term "shall have the right to appeal" justified plaintiffs' reliance on rule 368, and their departure from a rigid compliance with the original notice requirements of our rules.

The special appearance by defendants should have been overruled. This matter must therefore be returned to the trial court for further action. In assessing costs printing charges shall be restricted to $1.50 per page.—Reversed and remanded.

LARSON, MOORE, STUART, MASON and RAWLINGS, JJ., concur.

SNELL, J., and GARFIELD, C. J., dissent.

THORNTON, J., not sitting.

SNELL, J.—I respectfully dissent. I cannot agree with Division III of the majority opinion.

Accepting, as the majority says in Division I that this case invoked the original jurisdiction of the court, and as said in Division II that it is "akin to commencement of ordinary actions," the same kind of notice should be required as is required for original actions.

The notice in this case referred to rule 368, Rules of Civil Procedure, but otherwise was silent.

An original notice should inform a defendant as to who is claiming what from whom and how, where and within what time something must be done. The notice in this case is lacking in basic requirements.

I would affirm.

GARFIELD, C. J., joins in this dissent.