**V. A. CARMICHAEL and Marcia A. Carmichael, Appellees,**

v.

**IOWA STATE HIGHWAY COMMISSION, Appellant.**

**No. 52730.**

Supreme Court of Iowa.

Feb. 6, 1968.

Richard C. Turner, Atty. Gen., and Robert N. Merillat, Sp. Asst. Atty. Gen., and Counsel to Iowa State Highway Commission, Ames, for appellant.

D. C. Nolan, Iowa City, and Glenn Bradley, Sigourney, for appellees.

MASON, Justice.

Defendant Iowa State Highway Commission instituted condemnation proceedings affecting land in Keokuk County owned by plaintiffs V. A. and Marcia A. Carmichael. Notice of condemnation was filed with the sheriff. The Carmichaels and the Prudential Insurance Company of America accepted service of this notice and Keokuk County was served. A condemnation jury made an award September 26, 1963, and the sum awarded was later deposited with the sheriff.

Notice of plaintiffs' appeal to the district court was accepted by defendant October 23. No other notice of appeal was served and November 12 plaintiffs filed in the Keokuk District Court their petition on appeal. Section 472.22, Codes, 1962, 1966.

On November 27 defendant filed application in the court to take possession of the land condemned and asked that the amount deposited with the sheriff be disbursed to plaintiffs and other recipients of the award as their interests may appear. The application was granted by court order. Section 472.25, Code, 1962.

December 9 defendant filed answer but did not allege facts challenging the trial court's jurisdiction.

June 6, 1966, the cause having been assigned for trial, defendant filed a motion to dismiss plaintiffs' appeal on the ground the district court was without jurisdiction to determine it because of the absence of a necessary party. The motion alleged that on the condemnation date there was on record a mortgage from plaintiffs to Prudential Insurance Company of America, filed August 1, 1959; that at the time the motion was filed the mortgage remained unpaid of record; the mortgagee was an adverse party on whom plaintiffs' notice of appeal to the district court must be served; and no such notice had been served on or accepted by the mortgagee.

Plaintiffs dictated in the record resistance to the motion as not timely, having been filed after defendant had by its appearance and answer conferred jurisdiction upon the court; and defendant was estopped from questioning the court's jurisdiction to hear the appeal.

In addition to the resistance, plaintiffs filed an undated paper designated "Disclaimer of Interest" executed by a resident attorney for Prudential, asserting it was a mortgagee of the property described in plaintiffs' petition on appeal, but disclaimed any interest in or title to that portion of the premises condemned.

The trial court concluded defendant, having made a direct attack on the court's lack of jurisdiction, had the burden of proving this issue and failed to sustain it; the mortgagee, having filed a disclaimer of interest, is not in fact one who will be prej-

udiced or adversely affected by reversal or modification of the award appealed from and, therefore, is not an adverse party upon whom plaintiffs' notice of appeal must be served.

The district court jury ascertained plaintiffs' damages, the court entered the same of record and awarded plaintiffs judgment for costs, including fees for their attorney. Section 472.23, Codes, 1962, 1966.

I. Defendant appeals from this final judgment and entry of the amount of damages ascertained. It contends the court erred in denying its motion to dismiss plaintiffs' appeal in holding (1) the test in determining whether a mortgagee is an adverse party in a condemnation appeal is a question of fact and defendant had the duty of proving same; (2) appellate jurisdiction can be perfected by plaintiffs' filing of mortgagee's disclaimer of interest without the time limitation of Code section 472.18; and (3) in appearing, answering and filing application for disbursement to plaintiffs of the commissioners' award defendant waived or was estopped from challenging plaintiffs' perfection of appellate jurisdiction.

II. The right of appeal is not inherent or constitutional and may be granted or withheld by the legislature. Hubbard v. Marsh, 239 Iowa 472, 473, 32 N.W.2d 67; Bales v. Iowa State Highway Commission, 249 Iowa 57, 60, 86 N.W.2d 244, 246; and Griffel v. Northern Natural Gas Co., 257 Iowa 1140, 1145, 136 N.W.2d 265, 268.

Appeals from condemnation awards are granted by Code section 472.18 which provides: "Any party interested may, within thirty days after the assessment is made, appeal therefrom to the district court, by giving the adverse party, his agent or attorney, and the sheriff, written notice that such appeal has been taken." This section prescribes the time limit and the procedure by which the appeal may be taken.

We have consistently held jurisdiction of the district court in condemnation cases is appellate only and the notice required by section 472.18 is a notice of appeal. Mazzoli v. City of Des Moines (1954), 245 Iowa 571, 573, 63 N.W.2d 218, 219; Bisenius v. Palo Alto County (1964), 256 Iowa 196, 198, 127 N.W.2d 128, 130; Scoular-Bishop Grain Co. v. Iowa State Highway Commission (1966), 258 Iowa 1003, 1006, 140 N.W.2d 115, 117; Harrington v. City of Keokuk (1966), 258 Iowa 1043, 1046, 141 N.W.2d 633, 636; Merritt v. Interstate Power Co. (Iowa 1967), 153 N.W.2d 489, 492. Only by the process of appeal does the district court obtain jurisdiction over both the subject matter and the parties.

Moreover, to invoke the appellate jurisdiction of the district court the statute must be followed and notice of appeal must be given in substantial compliance with its terms. Bales v. Iowa State Highway Commission, supra, 249 Iowa at 60, 86 N.W.2d at 246–247; Harrington v. City of Keokuk, supra, 258 Iowa at 1047, 141 N.W.2d at 636. Failure to serve an adverse party within the time provided by section 472.18 is fatal to the court's jurisdiction. Griffel v. Northern Natural Gas Co., supra, 257 Iowa at 1145, 136 N.W.2d at 268, and citations; Scoular-Bishop Grain Co. v. Iowa State Highway Commission, supra; Harrington v. City of Keokuk, supra, 258 Iowa at 1047, 141 N.W.2d at 636.

It is settled in Iowa that a mortgagee is an adverse party upon whom notice of appeal must be served when a condemnation award is appealed to the district court. Scoular-Bishop Grain Co. v. Iowa State Highway Commission, supra, 258 Iowa at 1005, 140 N.W.2d at 117, and citations.

III. Plaintiffs argue we have overruled the cases cited and adopted the reasoning of the dissent in Mazzoli, supra, that an appeal from an administrative proceeding to the district court invokes original rather than appellate jurisdiction of the court.

From this plaintiffs assert filing of "disclaimer of interest" by Prudential included a waiver of notice of plaintiffs' appeal to the district court and conferred jurisdiction to adjudicate that company's rights; jurisdiction may be conferred in any manner provided in rule 65, Rules of Civil Procedure; nothing could be accomplished by serving notice of appeal on Prudential as it had voluntarily appeared by filing the disclaimer and waiver of notice, was bound by such appearance and could not later object to the court's jurisdiction.

Plaintiffs rely on this language in Board of Directors v. Cherokee County Board of Education, 260 Iowa 210, 149 N.W.2d 304, 306:

"Since Mazzoli was decided, we have adopted the reasoning of the dissent as to the nature of the action before the district court where one of the parties seeks judicial review of an administrative decision [Citing cases].

"Both parties recognize that our latest cases now clearly hold that 'appeals from administrative proceedings generally invoke the original rather than the appellate jurisdiction of the courts *in the absence of a contrary intent shown by the statutes.*' Danner v. Hass, [257 Iowa 654, 666, 134 N.W.2d 534, 542]" (Emphasis supplied.)

In addition to Danner v. Hass the opinion cites In re Community School District of Farragut, 250 Iowa 1324, 98 N.W.2d 888 and Board of Education in and for Essex Independent School Dist., etc. v. Board of Education, etc., 251 Iowa 1085, 104 N.W.2d 590. Both involve school reorganization under chapter 275 of the Code. Section 275.16 provides in part: " * * * The court on appeal shall have the same authority as is granted in this section to the state department of public instruction. * * *" Otherwise the chapter provides only for appeal and the time within which it shall be taken.

This statement from the Farragut case, supra, 250 Iowa at 1329, 98 N.W.2d at 891, is quoted in the Cherokee County opinion:

" * * * We must for the purposes of jurisdiction, and of procedure and pleading, *except where the statute specifically outlines these matters,* view this 'appeal' as merely an original proceeding in the district court to determine the rights of the parties and the legality of the actions of the administrative body * * *" (Emphasis supplied.)

In Danner revocation of a driver's license and automobile registration were under consideration. After hearing before an authorized agent of the commissioner of public safety plaintiff appealed to the district court. Section 321.215 which governs appeals from license suspensions under section 321.210 provides in part:

"Any person * * * whose license has been canceled, suspended, or revoked by the department * * * shall have the right to file a petition within thirty days thereafter for a hearing * * * in a court of record * * * and such court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon thirty days written notice to the commissioner, and thereupon *the court shall hear and determine the matter as an original proceeding* upon a transcript of all the proceedings before the commissioner, and upon additional evidence and other pleadings as the court may require. The decision of the court shall be final" (Emphasis supplied.)

Procedure for condemnation of private property is prescribed under chapter 472. In taking an appeal to the district court from the assessment of damages the method of perfecting it is fixed by statute, including the time therefor, section 472.18; method of service, section 472.19; duties of the sheriff, section 472.20; and clerk, section 472.21; form of pleadings, section 472.22; and questions to be determined on the trial of the appeal, section 472.23.

There is no doubt "the statute outlines these matters," the exception referred to in Farragut, supra. We think the legislature intended by enactment of chapter 472 to show the contrary intent suggested in Dan-

ner v. Hass, supra. Danner, however, is not controlling, the statute there specifically providing those proceedings are original.

■ The statements made in cases cited by plaintiffs, under the facts and with the limitations and exceptions stated therein, manifest the distinction between the statutes there involved and those here. Contrary to plaintiffs' position we have consistently interpreted chapter 472 as expressing a legislative intent that appeals from condemnation awards invoke the appellate, not original, jurisdiction of the district court.

IV. We would agree with plaintiffs that in original proceedings in civil cases jurisdiction of the person may be conferred by any of the methods prescribed by rule 65, R.C.P. However, the rule does not prescribe the manner in which the court obtains jurisdiction of the subject matter and suggests no basis for plaintiffs' argument that their filing Prudential's disclaimer of interest almost 33 months after the condemnation award would effectively invoke the appellate jurisdiction of the district court.

As stated, appellate jurisdiction in condemnation proceedings is given to the district court by statute and consent cannot confer the right.

This statement in Sioux Falls Broadcasting Ass'n v. Henry Field Co., 224 Iowa 655, 658, 277 N.W. 284, 285, supports our position:

" * * * Jurisdiction is conferred upon this court only in the manner provided by statute, and where there is a failure to comply with the statute providing for perfecting of an appeal, no jurisdiction is conferred. It is the settled rule in this state, through all of its history, that parties to litigation cannot, by agreement, confer jurisdiction upon this court." See also Morse v. Morse, 247 Iowa 1113, 1123, 77 N.W.2d 622, 627; Chicago & N. W. Ry. Co. v. Fachman, 255 Iowa 989, 993, 125 N.W.2d 210, 212, and citations; and O'Kel-

ley v. Lochner, 259 Iowa 710, 145 N.W.2d 626, 629-630, and citations.

■ Jurisdiction of the subject matter when conferred by law cannot be based on the estoppel of a party to deny its existence, Latta v. Utterback, 202 Iowa 1116, 1117-1118, 211 N.W. 503-504, and citations and Nelson v. Iowa-Illinois Gas and Electric Company, 259 Iowa 101, 143 N.W. 2d 289, 296, and citations, nor much less by mere silence on the part of the appellee, if as a fact no jurisdiction exists, Hubbard v. Marsh, supra, 239 Iowa at 473, 32 N.W.2d at 67. Cited with approval in O'Kelley v. Lochner, supra.

" * * * It is not only our right but our duty to refuse, on our own motion, to entertain an appeal not authorized by statute and we have frequently so held [Citing authorities]." Wilson v. Corbin, 241 Iowa 226, 228, 40 N.W.2d 472, 474.

These rules are universally applicable to appellate jurisdiction and apply to the district court when it acts as an appellate body.

Appeal of Head, 141 Iowa 651, 663, 118 N.W. 884, 889, considered noncompliance with notice statutes governing appeal from county board of supervisors to the district court. We held:

" * * * Without such notice, the district court had no jurisdiction to enter an order made by the two boards in joint session. The Calhoun county board was not notified of the appeal, and the district court on appeal had no jurisdiction over it. * * * As the district court of Green county had no jurisdiction of the matter, we do not have an appeal, and this is the end to the controversy. * * * "

In Minnesota Valley Canning Co. v. Rehnblom, 242 Iowa 1112, 1116, 49 N.W.2d 553, 555, the issue was whether the district court of Story county had jurisdiction to hear an appeal from the industrial commissioner. A statute provided such an appeal could be taken to the district court of the

county in which the injury occurred. Hearing before the deputy industrial commissioner on application for arbitration to determine the beneficiaries of an employee fatally injured in Benton county had been held in Story county pursuant to stipulation of the parties. After appeal to the industrial commissioner who approved the deputy's holding, the mother appealed to the district court of Story county where the matter was heard on its merits. Upon appeal by another dependent to us we held the preceding appeal had been taken to the wrong district court, the Story county court was without jurisdiction to hear it, compliance with the statute authorizing appeal is requisite to invoking appellate jurisdiction and directed the Story county court to dismiss the mother's appeal.

Under our holding in this division defendant's second assignment of error must be sustained.

■ The statutory time for invoking the appellate jurisdiction of the district court elapsed long before Prudential's disclaimer was filed. As stated, failure to serve notice of appeal on an adverse party within the 30-day period is fatal to the district court's appellate jurisdiction. The effect of a contrary holding would be to extend the time within which an appeal may be taken. This we cannot do. Bisenius v. Palo Alto County, supra, 256 Iowa at 200, 127 N.W. 2d at 131.

V. Plaintiffs have filed here a motion to dismiss defendant's appeal and affirm, asserting as grounds that its motion to dismiss filed in the district court (1) was not timely and (2) was a "speaking motion." Plaintiffs' motion was ordered submitted with this appeal.

They contend want of jurisdiction of the person or subject matter must be raised by special appearance before any other appearance, motion or pleading, and further a motion to dismiss "for failure to state a claim on which any relief can be granted" must be filed before answer. Rule 104(a)

and (b), R.C.P. This rule states want of jurisdiction of the subject matter may be raised by special appearance and failure to state a claim on which any relief can be granted, may be raised by a motion to dismiss such claim, filed before answer.

They argue defendant failed to comply with this rule; the filing of application for disbursement of the condemnation award November 27, 1963, and answer December 9 constituted an appearance and conferred jurisdiction on the district court; and defendant is now estopped from challenging plaintiffs' perfection of appellate jurisdiction. Therefore, it is said, its motion to dismiss, filed many months later, did not properly raise the question of that court's appellate jurisdiction in the matter.

We do not agree. As before indicated, the question is not one of jurisdiction of the person, which may be waived by appearance. Defendant's attack is upon the jurisdiction of the district court over the subject matter of the action which can be raised at any stage of the proceedings. Latta v. Utterback, supra, 202 Iowa at 1117–1118, 211 N.W. at 503–504; Johnson v. Purcell, 225 Iowa 1265, 1267, 282 N.W. 741, 742.

■ Neither defendant's act in appearing, filing application nor answering can confer upon the district court authority to hear and determine a subject matter of which the law gives it no jurisdiction. Dicks v. Hatch, 10 Iowa 380, 384.

" * * * If jurisdiction of the subject matter is given to a court 'solely by law' and 'cannot be conferred by consent' the question can be raised at any time and the fact that here the question was not raised by special appearance * * * is of no importance." O'Kelley v. Lochner, 259 Iowa 710, 145 N. W.2d 626, 629. Plaintiffs there argued that by filing a counterclaim defendant waived the question of jurisdiction and his objection was not timely. The argument was rejected. In Chicago & N.W. Ry. Co. v. Fachman, supra, 255 Iowa at 993, 125 N.W.2d

at 212, the contention was made that by filing demurrer and arguing the same, plaintiff invoked the jurisdiction of the court. We held the contention without merit. Defendant was not estopped from challenging the trial court's appellate jurisdiction. Defendant's third assignment of error must also be sustained.

VI. There remains for consideration under plaintiffs' motion to dismiss defendant's appeal to us their assertion that the instrument filed by defendant attacking the trial court's jurisdiction was a "speaking" motion.

It may be conceded defendant's motion to dismiss in the district court is based upon facts not stated in the petition, i. e., "there was recorded and on file in the Office of the Recorder of Keokuk County, Iowa, a mortgage executed by the Plaintiffs, V. A. Carmichael and Marcia A. Carmichael, in favor of the Prudential Insurance Company of America, filed on the 1st day of August, 1959, and recorded at Page 87 of Land Mortgage Record Book No. 91, and that said mortgage remains unpaid of record as of the date of filing of the within Motion. * * * and no notice of the within appeal has ever been served upon or accepted by said Prudential * * *."

■ Under our procedure a motion to dismiss is the successor to the demurrer and must be based upon matters alleged in the petition, admitting their truth for the purpose of testing their legal sufficiency. When demurrers were permitted, a demurrer grounded on claimed facts not alleged in the pleading attacked, was designated a "speaking" demurrer and courts disregarded such averments. To the extent a motion to dismiss offends in this manner it must also be disregarded. Bales v. Iowa State Highway Commission, 249 Iowa 57, 62, 86 N.W. 2d 244, 247–248; Herbst v. Treinen, 249 Iowa 695, 699, 88 N.W.2d 820, 823.

■ But these statements do not help plaintiffs if in fact, as stated in the disclaimer filed by them, there was a mortgage in existence during the period permitted for appeal and no notice of appeal was served on the mortgagee during such period. We have said time and again appellee's failure to move to dismiss an appeal or otherwise urge our lack of jurisdiction cannot confer jurisdiction if as a fact no jurisdiction exists and that it is our duty to refuse, on our own motion, to entertain an appeal not authorized by statute or rule. See Harden v. Illinois Central Railroad Company, 254 Iowa 426, 429, 118 N.W.2d 76, 78, and citations. See also Hubbard v. Marsh, supra, 239 Iowa at 473, 32 N.W.2d at 67; In re Goar's Estate, 252 Iowa 108, 109, 106 N.W.2d 93, 94.

In Division IV, supra, we have determined that principles announced as applicable to this court in the exercise of its appellate function are no less applicable to a district court when exercising appellate jurisdiction.

■ It follows, therefore, that the district court had a duty to refuse, on its own motion, to sustain an appeal not authorized by statute whether raised by defendant or not. Here the record discloses that notice of condemnation as provided in chapter 472 was given Prudential; that on June 6, 1966, plaintiffs filed Prudential's disclaimer of interest in which that company, designated as mortgagee of plaintiffs' property, asserted the taking of the condemned portion of the mortgaged premises did not prejudice or adversely affect its security. This clearly indicates that on the condemnation date Prudential was the holder of a mortgage encumbering the condemned premises; no notice of plaintiffs' appeal had been served on it.

Conceding that plaintiffs' contention defendant had filed a "speaking" motion to dismiss is well taken, it is difficult to understand how this supports plaintiffs' motion in view of the obligation placed upon the district court in the exercise of its appellate jurisdiction. If defendant had made no attack on the court's jurisdiction of the sub-

ject matter, it still would be incumbent upon the court in view of the record to independently inquire whether its appellate jurisdiction had been properly invoked.

■ Every court has inherent power to determine whether it has jurisdiction over the subject matter of the proceedings before it. It makes no difference how the question comes to its attention. Once raised, the question must be disposed of, no matter in what manner of form or stage presented. The court on its own motion will examine grounds of its jurisdiction before proceeding further. In addition to our own cited cases, for authorities from other jurisdictions supporting this statement see Carten v. Carten, 153 Conn. 603, 219 A.2d 711, 715; State ex rel. B. F. Goodrich Co. v. Trammell, 140 Fla. 500, 192 So. 175, 177; Keller v. Reynard (Ind.App.), 223 N.E.2d 774, 776; Woodard v. Porter Hospital, Inc., 125 Vt. 264, 214 A. 2d 67, 70; Phoenix Mut. Life Ins. Co. v. Lafferty (S.D.Iowa Davenport Division), 16 F.Supp. 740, 741; 21 C.J.S. Courts § 113; and 20 Am.Jur.2d, Courts, section 92.

It is evident the district court hearing the motion to dismiss, then Judge Harold J. Fleck, made such inquiry for in his findings of fact he stated:

"2. Upon the date of the condemnation award September 26, 1963 there was a mortgage of record executed by the Plaintiffs to the Prudential Insurance Company of America, recorded in Page 87 of land mortgage record book No. 91 of Keokuk County, Iowa, and said mortgage is still in existence as of the date of this motion. No notice of appeal was served upon the Prudential Insurance Company of America by the Plaintiff."

Plaintiffs on this appeal do not challenge these findings of fact as permitted by rule 179(b), R.C.P.

This is not the point where the district court erred.

■ Plaintiffs' motion to dismiss defendant's appeal to us is overruled.

VII. The trial court erred in holding that under this record Prudential, having filed a disclaimer of interest, was not one who would be prejudiced or adversely affected by reversal or modification of the award appealed from, and by reason thereof no notice of appeal need be served upon the company by plaintiffs

■ We are not concerned with the status of Prudential Insurance Company on June 6, 1966. The question is: Was the insurance company an adverse party upon whom notice of appeal was required to be served during the time permitted for appeal from the award made September 26, 1963. It was a mortgagee on that date as appears from the record. That it was a joint-award mortgagee sufficiently appears in the record from defendant's November 27, 1963 application to take possession of the land condemned. As stated, it was asserted therein it would be for the best interest of the parties that the amount of damages deposited with the sheriff be disbursed to plaintiffs and "to the other recipients of the condemnation commission's award as their interests may appear." Plaintiffs made no protest in the trial court to this assertion.

We agree that the trial court erred as contended in defendant's first assignment. See Bisenius v. Palo Alto County, supra, 256 Iowa at 198, 127 N.W.2d at 129.

It follows the district court should have dismissed the case. For that purpose the case is

Reversed and remanded.

All Justices concur, except BECKER, J., who dissents.