In the Matter of the GUARDIANSHIPS AND CONSERVATORSHIPS OF Lawrence TIMM and Elsie Timm.

Appeal of Lawrence TIMM and Elsie Timm.

No. 89–0975.

Court of Appeals of Iowa.

Nov. 29, 1990.

Mark C. Smith of Senior Citizens Legal Services, Des Moines, for appellants.

Susan Dulek, Legal Services Corp. of Iowa, Iowa City, for appellee Mable Zeran, Conservator of Lawrence Timm and Elsie Timm.

John Cronin, Nashua, for Deborah S. Turner, beneficiary of the estate of Leslie P. Turner.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

DONIELSON, Judge.

In November 1973, Lawrence Timm and Elsie Timm petitioned the court for appointment of a voluntary guardianship and conservatorship. Lawrence and Elsie (the wards) are brother and sister; they continue to reside in a single family dwelling located on eighty acres of land inherited from their father. This land is the only tangible asset remaining in the conservatorship and is the subject of this appeal.

The current litigation stems from an order issued on October 1, 1982, allowing attorney fees of $8,096.64. The fees were approved for attorney Leslie Turner. Turner has since died and his widow is seeking compensation through his estate.

A myriad of people, most of whom are attorneys, have been involved in this matter since 1973 as conservators, guardians, attorneys, guardians ad litem, and interested party's attorneys. The record indicates a September 13, 1982, order required conservator Lawrence Steege to file his final report as conservator on or before October 4, 1982.[1] On October 1, 1982, Turner applied for his attorney fees for his representation of the conservator, Lawrence Steege.[2] This application was included in conservator Steege's final report. The court approved these fees in an order dated October 4, 1982. On October 18, 1982, the court approved Steege's final report.

The October 4 order made the fee award a lien against the wards' property and was never appealed.[3] On April 18, 1983, Turner assigned his fee award to a local bank. On March 17, 1986, the bank released the fee assignment to Turner's estate.

To summarize the procedural disputes: In 1988, following Turner's death, his estate filed an application to compel the conservator to pay the attorney fees, which the court granted. The current conservator did not pay the claim but instead filed a declaratory judgment action in 1989 seeking to establish that the eighty acre farm was exempt from execution. Ultimately on May 22, 1990, the district court held that 40 acres of the parcel is not exempt homestead property and is subject to sale in order to satisfy the claim of Turner's estate. The court ordered the conservator to sell the nonexempt property to pay the claim.

On appeal the wards contend the district court erred in ordering the sale of the property because: 1) the action was not brought by the real party in interest (appellants have withdrawn this assignment of error); 2) the creditor must first foreclose its claimed lien; and 3) the wards were not represented by counsel when the fees became a lien and when the order to sell the property was entered. However, because we find the wards were not notified of any of the hearings concerning fees, we reverse and remand.

In this case we cannot divorce the 1989 petition to vacate the order to sell the wards' land from the original order authorizing attorney fees for Turner and creating a lien on the wards' property. If the wards were not properly notified, those orders are not final as to them. *See In the Matter of Estate of Heller*, 401 N.W.2d 602, 605 (Iowa App.1986).

Our review is de novo. Iowa R.App.P. 4.

The adult ward of a conservatorship has necessarily been found to be "unable to

1. This report was originally ordered submitted prior to July 1, 1982. No explanation for the delay appears in the record.

2. It appears Leslie Turner represented the conservatorship from January 25, 1979, through October 1, 1982.

3. There is no explanation in the record why this fee award was not paid but, instead, remained a lien against conservatorship property and was allowed to accrue interest at a rate of 10% per annum.

make or carry out important decisions concerning the ward's financial affairs." *See* sections 633.566, 633.570. Any appointed conservator has a duty "to protect and preserve the [ward's] estate," i.e., the ward's real and personal property. Sections 633.641, 633.3(15). Title to the ward's property, however, remains in the ward. Section 633.639.

With respect to conservatorships, the probate court acts in a supervisory capacity. The conservator is required to submit to the court frequent accountings concerning the estate, sections 633.670, .671, and the final report of a conservator must be approved before the conservator can be discharged. Section 633.682.

Conservator Steege's submitted final report requested the approval of the final report, the transferral of the assets of the conservatorship to the successor conservator, the discharge of Steege as conservator, and that "the fees for the Conservator and his attorney be paid and any unpaid amounts be a lien upon said premises." The record is devoid of any indication that notice of the final report and application for fees was served on anyone.

Iowa Code section 633.677 provides in part: "Notice of the final report of a conservator *shall be served on the ward* or the ward's personal representative, *in accordance with section 633.40*, unless notice is waived. An order prescribing notice may be made before or after the filing of the final report." (Emphasis added.) Section 633.40 provides:

1. **Court prescribing notice.** Except as otherwise provided in this Code, the court shall fix the time and place of hearing of any matter requiring notice and shall prescribe the time and manner of service of the notice of such hearing.

\* \* \* \* \* \*

4. **Notice otherwise provided.** In lieu of the foregoing the notice may direct each interested party to file the party's objections thereto in writing, if any, on or before a date certain, to be set out in the notice and to be not less than twenty days after the day the notice is served upon the party and that unless the party does so file objections in writing that the party will be forever barred from making any objections thereto. Said notice shall be served upon each interested party personally in compliance with the rules of civil procedure, or upon those parties not under legal disability by ordinary United States mail. In the event objections thereto are timely filed, the court shall fix the time and place of the hearing for the judicial determination of the issues raised.

\* \* \* \* \* \*

■ It is evident from the foregoing statutory provisions that notice to the ward(s) is required when a conservator submits a final report. Notice is not only necessary to comply with statutory provisions, but also to ensure the court itself there is a full and fair disclosure of the case it must decide and to protect the interests of the wards. *See Cummings v. Landes*, 140 Iowa 80, 86, 117 N.W. 22, 24 (1908); *Heller*, 401 N.W.2d at 606.

■ The record before this court is silent with regard to notice to the wards. Iowa Rule of Civil Procedure 82(g)[4] requires proof of service to be filed in the clerk's office. Because there is no proof of service present in this record relating to the final report (which also included the request for conservator and attorney fees) we must conclude no notice of the final report was served on the wards.

Until notice is properly served upon the wards, the probate court is without authority to adjudicate the rights of the wards, *c.f. Board of Education In and For Essex Independent School District, Page County v. Board of Education In and For Montgomery County*, 251 Iowa 1085, 104 N.W.2d 590 (1960) (absent proper statutory notice, state department without authority to adjudicate the rights of the parties not in court), and the approval of the final report

4. Section 633.34 provides, "All actions triable in probate shall be governed by the Rules of Civil Procedure, except as provided otherwise in this Code."

is not final as to them. *See Heller,* 401 N.W.2d at 605–06.[5]

We remand to the district court to prescribe the necessary notice to be served on the wards.

We do not intend by this opinion to infer whether, after proper notice, the trial court should approve or disapprove of Steege's final report, including the request for Turner's attorney fees. The record made to date is not sufficient for such a determination.

Costs on appeal are taxed to appellee.

REVERSED AND REMANDED.

---

**5.** We conclude the award of attorney fees to Turner, although entered on a different date than the approval of the final report, was an integral part of the final report. The order awarding the fees was also entered without notice and can still be challenged by the wards.